GREEN v. MUSKEGON TRACTION & LIGHTING CO.

1. TRIAL—JURY—SELECTION—TALESMEN.
    During the examination of jurors the panel became exhausted, and the trial court directed the sheriff to summon a talesman from the room. On seeing the person so selected, plaintiff's attorney objected and requested that the court have names drawn from the regular lists under Act No. 194, Pub. Acts 1911. The court complied with the request, and defendant's attorney excepted. *Held*, that the point was made with sufficient promptitude, and that the court did not abuse its discretion.

2. DAMAGES—HUSBAND AND WIFE — MEDICAL EXPENSES OF MARRIED WOMAN—PERSONAL INJURIES.
    Plaintiff, a married woman, running a boarding house on her own account, was rightly allowed to recover for medical ser-

vices of a physician whom she had employed, and who looked to her for payment, in her action for personal injuries.

3. SAME—SPECIAL DAMAGES—MARRIED WOMEN—LOSS OF EARNING CAPACITY.

And plaintiff was entitled to recover for loss of ability to perform ordinary labor.

4. SAME—NEW TRIAL—VERDICT.

*Held,* that a verdict of $3,050 should be reduced to $2,000. MOORE, C. J. and STEERE and BIRD, JJ., dissenting.

Error to Muskegon; Sullivan, J. Submitted June 19, 1912. (Docket No. 78.) Decided July 10, 1912.

Case by Nancy Green against the Muskegon Traction & Lighting Company for personal injuries. Judgment for plaintiff. Defendant brings error. Reduced and affirmed.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Turner & Turner* for appellee.

MOORE, C. J. This case was brought to recover damages for personal injuries sustained by the plaintiff on August 18, 1911, in a collision between a car of the defendant company in which plaintiff was riding as a passenger and a car of the Grand Rapids, Grand Haven & Muskegon Railway Company, which corporation runs its cars over a part of the track of the defendant company. The plaintiff claims to have been thrown forward against the seat in front, and then jerked backwards, thereby sustaining injuries to her right arm, her ribs, her chest, and her right hip. The testimony is that plaintiff was assisted off the car, taken home in an automobile, and a doctor called, who found her right hip bruised and discolored, two ribs broken near the breastbone, and the biceps muscle of the right arm injured. Plaintiff's nervous system was impaired, and the doctor continued to treat her every day for about four weeks. She afterward developed pneumonia, and was treated for that. At the time of the

accident plaintiff was 57 years of age, a married woman living with her husband, and was keeping boarders with a profit to herself. She recovered a verdict for $3,050. A motion was made for a new trial, which motion was denied. The case is brought here by writ of error.

The claim of appellant is stated by its counsel as follows:

"Questions involved and the manner in which they are raised: While the examination of the jurors was in progress the panel became exhausted, whereupon the court directed the sheriff to summon a talesman from the room, and fill the panel. Counsel for plaintiff made no objection to this procedure until after the sheriff had summoned one Mr. Thompson, who stepped forward to take his place in the jury box. After counsel for plaintiff saw who had been summoned, he for the first time requested the court that names be drawn from the regular lists under the statute of 1911. Counsel for defendant insisted that plaintiff's attorneys could not sit by and see the court take action of this kind until they found out who had been called into the box, and then raise an objection. The trial court denied the request of counsel for defendant that Mr. Thompson be allowed to take his place in the jury box, exception was duly taken, and error has been assigned thereon, the peremptory challenges of defendant having been exhausted before the panel was completed. It is the claim of defendant that the plaintiff, being a married woman living with her husband, should not have been allowed to recover medical expenses as an item of damages, and that the court erred in his charge to the jury in that regard, and also in his refusal to strike out the testimony of the plaintiff that she became personally liable for the doctor bill. The other errors assigned relate to portions of the judge's charge concerning the rule of damages and to the refusal of the court to grant a new trial for the reasons stated in the motion therefor, it being claimed, among other things, that the charge of the court as a whole was argumentative and gave undue prominence to the claims of plaintiff; that the court erred in instructing the jury that the plaintiff was entitled to recover, as an element of damage, her loss of capability to perform ordinary labor; that the amount of damages awarded plaintiff is excessive and unreasonable in amount, is unsup-

ported by and contrary to the great weight of the evidence and that the verdict and judgment is unjust, oppressive, and against the just right of the defendant."

Did the court err with reference to the selection of a jury? Act No. 194, Pub. Acts 1911, provides:

"When there shall not be jurors enough present to form a panel in any cause, the circuit court may direct the sheriff or other proper officer to summon a sufficient number of persons having the qualifications of jurors to complete the panel from among the bystanders or from among the neighboring citizens; and the sheriff shall summon the number so ordered accordingly and return their names to the court: *Provided,* that such court may, on his own motion, or in case either of the parties litigant demand it, then it shall be the duty of the court to order a sufficient number of jurors to be drawn from the regular lists."

The record shows that while the examination of the jurors was in progress the following occurred:

"*The Clerk:* The panel is exhausted, your honor.

"*The Court:* Mr. Sheriff, summon a talesman from the room here and fill the panel.

"*The Sheriff:* Mr. Thompson.

"*Mr. J. E. Turner:* Now, if the court please, I submit that under this statute of 1911 this is hardly regular.

"*The Court:* It is regular all right, so far.

"*Mr. J. E. Turner:* We would ask at this time that the court direct that a few names be drawn from the regular list, and we make that request."

The court then examined the statute, and directed Mr. Thompson, who had not been sworn, to stand aside, and new names were drawn from the regular list. It will be observed that all the above occurred in a very brief period of time; that counsel at once called the attention of the court to the statute. We do not think the court abused its discretion.

Did the court err in allowing the plaintiff to recover for medical expenses? The record shows plaintiff was doing business on her own account, that she employed the doctor, that he regarded himself as in her employ and looked

to her for his pay. The court did not err as to this feature of the case. *Lacas* v. *Railway Co.*, 92 Mich. 412 (52 N. W. 745); *Vergin* v. *City of Saginaw*, 125 Mich. 499 (84 N. W. 1075). Particular stress is placed by counsel for appellant on that part of the charge of the court allowing plaintiff to recover as an element of damage her loss of capability to perform ordinary labor. We have already referred to the fact that plaintiff, though a married woman, was keeping a boarding house on her own account. What was said by the trial judge about which complaint is made should be read in connection with the rest of his charge, bearing in mind the work in which plaintiff was engaged. When so read, we think it appears that the charge was without error. See Act No. 196, Pub. Acts 1911. It is said that in any event the verdict is too large, and should be reduced to $2,000. A careful examination of the record in relation to the extent of the injury and the suffering of the plaintiff does not satisfy us that the verdict is excessive.

Judgment is affirmed.

BIRD and STEERE, JJ., concurred with MOORE, C. J.

OSTRANDER, J. I think the verdict and judgment excessive. Unless plaintiff will remit all in excess of $2,000, the judgment will be reversed and a new trial ordered. Appellant will recover costs of this court.

BROOKE, McALVAY, and STONE, JJ., concurred with OSTRANDER, J. BLAIR, J., did not sit.