TURNER *v.* CHRYSLER CORPORATION.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   On appeal from directed verdict for defendants, testimony must be taken in the light most favorable to plaintiff.

2. INSURANCE—GROUP POLICY—TOTAL AND PERMANENT DISABILITY—EVIDENCE.
   In assumpsit by beneficiary under group insurance policy to recover amount payable at commencement of total and permanent disability, conflicting evidence as to illness of insured from last day of work until he died less than 10 weeks later of lobar pneumonia *held,* to present question of totality and permanency of his disability for jury.

Appeal from Wayne; Nicol (Henry G.), J.   Submitted October 7, 1936.   (Docket No. 33, Calendar No. 39,116.)   Decided December 8, 1936.

Assumpsit by Eugene Turner, an infant, by Eliza Pritchard, next friend, against Chrysler Corporation and Ætna Life Insurance Company of Hartford, Connecticut, corporations, for sums due under a group insurance policy.   Directed verdict and judgment for defendants.   Plaintiff appeals.   Reversed and new trial ordered.

*Sol Blumrosen,* for plaintiff.

*Butzel, Eamon, Long, Gust & Bills (Charles F. Cummins,* of counsel), for defendant Ætna Life Insurance Company.

BUTZEL, J.   Eugene Turner, an employee of the Chrysler Corporation, was insured in defendant

insurance company under a group policy which provided that if any employee, while insured thereunder, should become totally disabled before reaching the age of 60 and the disability prevented his engagement in any employment for wage or profit, the company would pay the amount of the policy in full at the time disability began. Plaintiff claims that Turner became totally disabled on September 21, 1934, while the coverage of $2,000 was in force and that after Turner worked the night of September 20, 1934, he came home, went to bed and continuously remained totally disabled up to the time of his death on November 29, 1934.

In a suit brought by plaintiff, the beneficiary under the policy, testimony was introduced showing that when Turner came home on September 21, 1934, he had chills and fever, that he remained in bed continuously, coughed up blood, perspired so excessively that the bedsheets had to be changed several times a day, that he was under a doctor's care, that he continued to perspire and cough up blood, etc., during the balance of September and the month of October, during which period he remained bedridden with the exception of a few hours on October 22, 1934. The Chrysler Corporation, upon being notified of Turner's illness, sent a nurse to see him. She reported him sick and he was given financial aid. A doctor who attended Turner reported on September 23, 1934, that he had "acute bronchitis" and the probable duration of the sickness would be seven days. On October 10, 1934, the same doctor reported that Turner had been totally unable to pursue his occupation and described his sickness as acute "la grippe," the probable duration of which would be until October 17, 1934.

On October 22, 1934, or thereabouts, Turner arose, but according to the testimony, only for a few hours.

He went to his employer's factory and stated that he was ready to go to work. He was told that he was laid off and a final check was given him. Turner returned home, went to bed, arose for a short time the afternoon of the same day to visit the doctor, but returned to bed and never left it again except when taken to hospitals. Defendant insurance company was notified that Turner was no longer employed and no further premiums were paid to continue his insurance protection. On the 17th of November, 1934, Turner was taken to the Receiving hospital of Detroit, and two days later transferred to the Dunbar Memorial Hospital where he died on November 29, 1934. The record in the Receiving hospital states that the disease was diagnosed as lobar pneumonia and toxic hepatitis and at the Dunbar Memorial Hospital as lobar pneumonia.

Plaintiff's medical expert, who had not treated Turner during his lifetime, in response to a hypothetical question in which the chills, fever, bloody expectoration, excessive perspiration, duration of the sickness, the effort to return to work and subsequent developments were all described, stated that Turner was suffering from tuberculosis and that pneumonia was only the acute cause of death brought on after a chronic affliction and that Turner was permanently disabled from performing work and labor from and after September 21, 1934, up to the time of his death.

Strong testimony was introduced contradicting plaintiff's claims. The hospital record did not show hemoptysis. The judge, after hearing the testimony, stated that it was unfortunate for plaintiff's case that decedent presented himself at the office of the company; that this negatived the claim that decedent continued to suffer from permanent disability and that in order to keep the policy in force, de-

cedent should have continued to pay the premiums after he had been laid off. For that reason he directed the jury to bring in a verdict for defendants.

Defendants' testimony indicated that Turner never had tuberculosis, that he had fully recovered from his ailments when he reported back to work on October 22, 1934, and that he contracted pneumonia after he was no longer in the employ of the Chrysler Corporation and the insurance had been cancelled. Plaintiff, on the other hand, claimed that Turner was totally and permanently disabled from the time he took sick and that he remained totally disabled notwithstanding a short interval in which, on account of economic pressure, he attempted to go back to work. Defendants stress the fact that proper inferences should be drawn from the fact that plaintiff did not introduce the testimony of the doctor who attended Turner at his home or of those who looked after him at the hospital. *Vergin* v. *City of Saginaw,* 125 Mich. 499.

As the verdict was directed at the close of the proofs, the testimony must be taken in the light most favorable to plaintiff. A jury question was presented as to whether Turner became totally and permanently disabled from the time he first took sick until the time of his death, notwithstanding the brief interval when he went to the factory and to his doctor, and his statement at the factory that he was ready to go to work. It is unnecessary to discuss the other questions raised by appellant.

The judgment of the lower court is reversed, with costs to plaintiff and a new trial ordered.

North, C. J., and Fead, Wiest, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.