BOUGA *v.* TOWNSHIP OF WEARE.

HIGHWAYS—KNOWLEDGE OF DEFECTS—CONTRIBUTORY NEGLIGENCE —QUESTION FOR JURY.

    Whether one who was injured while driving along the highway at night was guilty of contributory negligence in forgetting a defect which he had noticed the morning before is a question for the jury, and the case should not be permitted to turn solely upon the question whether he in fact did or did not remember the defect.

Error to Oceana; Russell, J. Submitted April 29, 1896. Decided May 26, 1896.

Case by John Bouga against the township of Weare for damages sustained by reason of a defective highway. From a judgment for plaintiff, defendant brings error. Reversed.

*Hartwick & Foote*, for appellant.

*Evans & Gale*, for appellee.

HOOKER, J. The defendant, a township, appeals from a judgment in an action of negligence. Several questions are raised, but we think it necessary to discuss but one.

The plaintiff was a liveryman, acquainted with the defect in the way, which consisted of a broken culvert with a board sticking up from it; yet he failed to caution the driver, his son, against it. The son and his companions noticed the defect, and drove around it, which was easily done, in the morning of the day of the accident. On their return in the evening, which was dark, they drove rapidly, and ran into it, and the vehicle was overturned and broken.

The court refused the following requests of defendant:

"12. Contributory negligence is such negligence on the part of the plaintiff as contributed to the accident. If this culvert was in a dangerous condition, and if these boys knew of its dangerous condition, such as would lead a prudent man to be on his guard when passing the culvert, and yet carelessly forgot that there was such a defect, and drove along at the rate of six to seven and a half miles an hour, on a dark night, until reaching the culvert, where they met with the accident, then they contributed to the accident, and your verdict will be for the defendant.

"13. If you find that, by slow and careful driving, the culvert could have been passed in safety, but that the accident was due in any way to the inattention and carelessness of these boys, and a knowledge of this defective culvert would have led a prudent man to be careful when passing this point, and that the driving of this team was not careful, under all the circumstances of the case, then there was contributory negligence, and the defendant is not liable."

The instruction given was as follows:

"It is claimed here, and the evidence tends to show, —the evidence does show,—that this young man, who was driving the team, knew of this defect in the bridge, in the culvert. He knew it in the morning. Now, gentlemen, it is not necessary for a man traveling on the highways to spend his time in thinking that here is a culvert that I am going to tumble into, or there is one that I must look out for, or something of that kind; but, if this boy had this culvert in his mind, so, at that present time, he had knowledge of it, and then proceeded, why, he would be negligent, and, if that be the

case, or if, under all the circumstances, he ought to have exercised more care than he did exercise to keep from running into it, why the plaintiff cannot recover at all, because, if his negligence in any manner contributed to this injury, why the plaintiff is not entitled to recover at all, because it is necessary that he should be diligent, as well as the officers on the other side.

"There has been some evidence given here with reference to the three tracks on this highway. Upon that point, gentlemen, you will take into consideration the width of the road,—the fact that the evidence tends to show (and you will determine whether it does show) that this road was graded up in the middle,—the length of time that this culvert has been in the highway, and then say as to where a person exercising due care and caution ought to have traveled; and, if you find that that was the proper place, he had a right to travel on it.

After considering the case for a time, the jury returned, and the following occurred: The judge asked:

"Is there any part of the testimony that you desire read, or anything of that kind?

"*Juror:* No, we understood everything all right, but some thought that you in the charge,—some disagreed.

"*The Court:* What point is there?

"*Juror:* Whether you, in your charge,—whether you did or not say the boys, from the fact that they knew the condition of the culvert on their way to Ludington—

"*The Court:* I think I know what you mean. I stated this: 'That the mere fact that they had knowledge that there was a defect there in that culvert, and that they drove back and got into it, that would not preclude them from recovering,—the mere knowledge. It is not necessary that a party driving along the road should keep their mind upon the spot where there is a defect. It is true that if, when he came along there, he was thinking of it, and knew of the defect at that time, and happened to think there was one there, and then continued to proceed and run into it, of course, he would be negligent; but, if he was doing something else, and at the time did not think of it, but still was exercising due care, why he would be entitled to recover for all that. In other words, it is not necessary for parties driving along a street or road, simply because there is a defect in

it and they have knowledge of it,—it is not necessary for them to keep their minds on that defect all the time for the purpose of keeping out of it.'

"*Juror:* Then I think, perhaps, that we might deliberate a little.

" *The Court:* Is there anything else, gentlemen?

" *A Juror:* There is one point that I think is troubling some of us. It seems to be a sticker, right on that line, in regard to this speed which the boys were driving. There comes a matter of whether they were using due caution,— the darkness of the night and the speed. It is right on that point where this whole thing hinges.

" *The Court:* That would be a question of fact, of course. I cannot assist you with reference to a question of fact. Ordinarily, a man driving on the road has a right to trot, or walk, or go as he may see fit to go. Of course, the fact that it was dark, as is well known to everybody, is a matter that should be taken into consideration by everybody who is driving; and that is purely a question of fact for you, gentlemen, to determine,— whether he was exercising due care or not."

We think that the circumstances required that it be left to the jury to say whether it was negligent to forget this defect. The charge seems to leave the question of contributory negligence to rest upon the fact of the boy's having the defect in mind, thereby leaving the jury to infer that it was not negligent to omit to bear the defect in mind. Certainly, one who should pass a broken bridge by a ford, in the morning, might be expected to remember the fact until night, and act upon such recollection. Whether or not it would be negligent to forget it, and drive upon the bridge, might depend upon circumstances, which would be for the jury to pass upon. It should not, in such case, necessarily turn upon whether he did or did not remember. The danger of a misapprehension of the charge in this particular was, perhaps, increased by what was said upon the return of the jury. We therefore feel constrained to reverse the judgment.

Ordered accordingly.

Grant, Montgomery, and Moore, JJ., concurred. Long, C. J., did not sit.