## WHORAM *v.* TOWNSHIP OF ARGENTINE.

1. PLEADING—DEFECTIVE HIGHWAYS—PLACE OF INJURY—SUFFI-
   CIENCY OF DECLARATION.

   A declaration in an action for injuries sustained by reason of a defective highway, which alleges that the defendant township had control of that portion of the highway which was situated between two specified sections in G. township and two specified sections in defendant township, and that the defect in question consisted of a hole of stated dimensions on the north side of and in the traveled portion of said highway, between the sections indicated, is not open to the objection, after a plea of the general issue, that it does not sufficiently describe the place of the injury.

2. HIGHWAYS—NOTICE OF DEFECT—CONTRIBUTORY NEGLIGENCE.
   Whether one was guilty of contributory negligence in riding along the traveled portion of a highway without taking precautions to avoid a defect therein which he knew to have existed some months before, but which he supposed had been remedied, is a question for the jury.

3. TRIAL—ERRONEOUS INSTRUCTION—SUBSEQUENT CORRECTION.
   An error in a charge, which was subsequently corrected so that the jury could not have been misled thereby, is not ground for reversal.

Error to Genesee; Wisner, J.   Submitted January 12, 1897.   Decided March 10, 1897.

Case by Charles D. Whoram against the township of Argentine for injuries sustained by reason of a defective highway.   From a judgment for plaintiff, defendant brings error.   Affirmed.

That portion of the declaration relating to the place of the accident reads as follows:

"That heretofore, to wit, on the 29th day of January, A. D. 1893, the said township of Argentine, defendant herein, and for more than one year previous thereto, had charge and control of the highways in said township, and had charge and control of a certain portion of the highways situated between the township of Gaines and the township of Argentine, Genesee county, Michigan, being the highway between sections thirty-two and thirty-three (32 and 33) of and in Gaines township, and sections four (4) and five (5) of and in the township of Argentine, aforesaid, being what is known as a 'town-line road,' and that the portion of the road above described was, and had been for many years, and is now, in and under the control, supervision, and management entirely of the township of Argentine, and that the same had been set off by the proper officers of the said townships of Gaines and Argentine to the township of Argentine, and they had assumed control of the same, and the care and repair of the same, and that said highway was a public highway for the travel of passengers and people with conveyances over the same, and was a regularly laid out highway, and had been for the period of over 10 years; and that upon said 29th day of January, 1893, the said plaintiff was riding along said highway between said sections, as above described, on horseback, and while using and exercising due care and caution, without any neglect or fault upon his part, his said horse stepped into a hole on the north side and in the traveled portion of said highway, and between said sections above described, and, in consequence of said stepping into said hole, said horse, without any fault or neglect on the part of said plaintiff, fell and threw the said plaintiff and fractured his left leg; that said hole in said highway was about

eighteen (18) inches deep and one (1) foot across, as near as plaintiff can estimate the same, and was covered over at the time of the accident with a thin coating of ice, and thus preventing plaintiff from seeing and avoiding said hole."

*Everett L. Bray*, for appellant.

*Tinker & Frackelton*, for appellee.

MOORE, J. The plaintiff sued the defendant and recovered a judgment for personal injuries received on a defective highway. Defendant appeals.

The first group of errors assigned relates to the declaration, which defendant claims did not sufficiently describe the place of injury. The defendant pleaded the general issue. While the declaration might well have been more specific, we think it stated a cause of action, and alleged a substantial grievance, and, under the plea interposed by the defendant, is sufficient. *Jackson* v. *Collins*, 39 Mich. 557; *Briggs* v. *Milburn*, 40 Mich. 512; *Burke* v. *Wilber*, 42 Mich. 327; *Rowland* v. *Kalamazoo Superintendents of Poor*, 49 Mich. 553; *Sutton* v. *Van Akin*, 51 Mich. 463; *Campbell* v. *City of Kalamazoo*, 80 Mich. 655; *Fuller* v. *Mayor, etc., of Jackson*, 82 Mich. 481; *Storrs* v. *City of Grand Rapids*, 110 Mich. 483; *Moody* v. *Township of Shelby*, 110 Mich. 396.

The testimony disclosed that, in the fall before the accident, the plaintiff knew of the defect in the highway, but that he supposed it had been remedied. He also testified:

"After I got into the road, I started the mare into a trot, and was trotting when I got to this hole. I was thinking about my errand—about my business—when the accident happened. I didn't think about this hole. My mind was intent upon my business at the time. I was on the side of the road. I kept along in a straight line. I did not take any precaution to keep away from the hole. The road was slippery and icy,—the traveled part of the road,—so I kept to the right-hand side.   *   *   *   I had continued from the time I started along the outside,—on the right-hand side of the traveled part of the track,—and was in that position when the accident happened."

It is claimed that this testimony, taken in connection with his knowledge of the road, shows that the plaintiff was negligent, and the court should have so directed the jury. We think the case in this particular is governed by *Bouga* v. *Township of Weare*, 109 Mich. 520, and that the court did not err in submitting the question to the jury.

The other assignments of error necessary to be discussed relate to the charge of the court. In his charge he made use of this language: "It is the duty of the township to keep its public highways in reasonable repair, and fit for public travel; and that duty extends not only to the traveled portion of the highway, but to that portion within the main ditches of the same." This is assigned as error. The last sentence was evidently a slip of the tongue of the learned judge, for he immediately added, "That is, all that portion of the highway worked, and which the public would naturally use by reason of its apparent fitness for use;" and a little later he stated the law to be, "It is not expected that public travel will occupy all parts of a country highway, and there is no requirement of law compelling public authorities to put such road in condition as if it were." He also charged the jury that under the law, to entitle the plaintiff to recover, he must show by a preponderance of evidence at least four things:

"*First.* That the highway at the place where the injury was received was not in reasonable repair, and in a condition reasonably safe and fit for travel, and that the defect was the very one complained of in his declaration.

"*Second.* That the township, by or through its supervisor or commissioner of highways or overseer of highways, had knowledge or notice, either actual or constructive, of the defect complained of, and that the township, by its officers, had reasonable time and opportunity, after such knowledge or notice, to remedy the defect, and that the township did not use reasonable diligence therein after such knowledge or notice.

"*Third.* That the injury was received by reason of the defect complained of, and that by reason thereof plaintiff has sustained damages.

"*Fourth.* That the plaintiff was free from negligence himself, and that he was guilty of no negligence whatever which in any way contributed to the injury received."

The jury were not misled by the charge.

We do not think any of the assignments of error can be sustained.

Judgment affirmed.

The other Justices concurred.