## VERGIN *v.* CITY OF SAGINAW.

1. PERSONAL INJURIES—DEFECTIVE SIDEWALK—KNOWLEDGE OF DEFECT—CONTRIBUTORY NEGLIGENCE.

   That a person stepping into a hole in a sidewalk, which was filled with snow and ice, knew of the defect, does not show her guilty of contributory negligence as matter of law, where she did not have the defect in mind at the time.

2. SAME—MARRIED WOMAN—MEDICAL SERVICES.

   A married woman, in an action for personal injuries, may recover for medical services, the credit for which is shown to have been extended solely to her.

| 125 | 499 |
|-----|-----|
| 128 | 266 |
| 125 | 499 |
| s84NW1075 | |
| 125 | 499 |
| s84NW1075 | |
| e132 | ¹496 |
| 125 | 499 |
| f137 | ¹417 |
| 125 | 499 |
| e140 | ¹361 |
| 125 | 499 |
| 156 | ¹294 |

3. SAME—WITNESSES—FAILURE TO CALL—INSTRUCTIONS.
  Refusal to charge that the jury might consider the failure of
    plaintiff, suing for personal injuries, to call as witnesses the
    doctors who examined her shortly after the injury to ascer-
    tain her physical condition, is error.

Error to Saginaw; Wilber, J. Submitted October 4,
1900. Decided January 29, 1901.

Case by Mary Vergin against the city of Saginaw for
personal injuries. From a judgment for plaintiff, defend-
ant brings error. Reversed.

*Henry E. Naegely*, for appellant.

*F. E. Emerick*, for appellee.

MONTGOMERY, C. J. The plaintiff recovered a judg-
ment of $730 for injuries received on a defective sidewalk.

The plaintiff, at the time of her injury, was a married
woman, 45 years of age, living with her husband and family
at 1023 Bond street N., between Bristol and Brewster.
Bond street runs north and south, and is paved with
cedar blocks, and with stone curbing. Bristol street is the
street just north of plaintiff's house, and runs east and
west, and intersects Bond. Brewster street is the first
street south of Bristol. Then there are Miller, Throop,
and Clinton streets south in the order named. Porter
street runs parallel with Bond, and is one block east of it,
and intersects all the streets named, the same as Bond.
A Mrs. Fellows lives at the corner of Porter and Clinton
streets, and on the evening of April 6, 1899, plaintiff, with
her daughter, who is a music teacher, left home for the
purpose of going to Mrs. Fellows' house. The corner of
Porter and Clinton streets is about four blocks from where
plaintiff lives. It is three blocks south and one block
east. The plaintiff frequently passed over this walk dur-
ing the previous summer, fall, and winter in going to
the grocery and meat market. She knew the condition of
the walk on which she was injured. She was interested

in the walk, and in the summer of 1898 she notified Mr. Shefnecker, the alderman of the ward, to have this particular place where she was injured repaired. The walk in front of plaintiff's house, and south of there, and at the point of injury, was about four feet wide. The distance from the outside edge of the walk to the street curb was about six feet, and both the walk and this ground between this curb and the walk were covered with snow and ice. Between the sidewalk proper and the curb of the street there is a space of several feet in that block. There were no trees between the sidewalk and the curb, and there were no obstructions of any kind, and there were no holes in the space between the sidewalk and the curb in that block at the time plaintiff was hurt. It was smooth and level between the sidewalk and the curb, except as the snow scraper had thrown up ridges of snow on either side, and except in one place where there was a ditch at the corner of plaintiff's walk extending out to the curb. The snow on each side of the path was probably a foot and a half deep. Plaintiff and her daughter, on the night of the accident, left the house, and walked to the street sidewalk, when they turned south. The daughter walked ahead in this narrow path, the mother following her. When they had gone about 10 feet, the plaintiff stepped into a hole, and fell, and injured herself. The hole in which she fell was filled with snow and slush, so that the hole was concealed, and the plaintiff could not see it. The snow had not been cleaned off the walk on this lot where she was injured. The walk on the south side of Bristol street between Bond and Porter streets in April and the spring of 1899, and the walk on Porter street from Bristol to Clinton at this time, were good and safe for travel.

Defendant's counsel contends that on this testimony it should be held that the plaintiff was guilty of contributory negligence as matter of law. The argument is that the plaintiff, knowing the defect, was at fault in negligently using the defective sidewalk; that the only excuse which

she offers is that she did not have the defect in mind at the time of the injury; and it is contended that this excuse is not sufficient.

We have had frequent occasion to consider the effect of previous knowledge of a defect in a way or sidewalk as bearing on the question of contributory negligence. In *Lowell* v. *Township of Watertown*, 58 Mich. 568 (25 N. W. 517), it was said:

"A person is not necessarily precluded from recovering for an injury caused by a defect in a highway simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured."

In *Dundas* v. *City of Lansing*, 75 Mich. 499 (42 N. W. 1011, 5 L. R. A. 143, 13 Am. St. Rep. 457), it is said:

"It is doubtless true, as plaintiff testified, that, had she been at the time on the lookout for this hole in the walk, she might have seen and avoided.it; but the question is, Was she negligent, under all the circumstances and surroundings, in not seeing and avoiding it? The darkness of the night, the storm, her anxiety to get home, are all circumstances that should be weighed as bearing upon her conduct upon that occasion. The question is not free from doubt, and, when it is not, it should be submitted to the jury."

In *Whoram* v. *Township of Argentine*, 112 Mich. 20 (70 N. W. 341), the plaintiff, who had previous knowledge of the defect, but supposed it had been repaired, testified:

"After I got into the road, I started the mare into a trot, and was trotting when I got to this hole. I was thinking about my errand—about my business—when the accident happened. I didn't think about this hole. My mind was intent upon my business."

It was held that the question of the plaintiff's contributory negligence was for the jury.

In each of the three cases of *Black* v. *City of Manis-*

*tee,* 107 Mich. 60 (64 N. W. 868), *Grandorf* v. *Railway Co.,* 113 Mich. 496 (71 N. W. 844), and *Irion* v. *City of Saginaw,* 120 Mich. 295 (79 N. W. 572), in which the plaintiff was held guilty of negligence as matter of law, *the defect was in the mind of the plaintiff at the very time* of the injury. In *Grandorf* v. *Railway Co.* the distinction is noted. In that case it was said:

"If this had been a defect of which the plaintiff simply had had previous knowledge, and which knowledge was not in her mind at the time, or if her attention had been diverted from the obstruction, there would be ground for the plaintiff to stand upon."

The circuit judge committed no error in submitting the question of plaintiff's contributory negligence to the jury.

Error is assigned on a ruling admitting testimony as to the value of the services of the attending physician, the plaintiff being a married woman. The testimony tended to show that the credit was extended to the plaintiff solely. The ruling is sustained by *Lacas* v. *Railway Co.,* 92 Mich. 412 (52 N. W. 745).

The defendant's counsel presented the following request:

"It appears from the testimony that Drs. Sample and McGregor made examinations of the plaintiff a short time after she claims to have been injured. Dr. Sample made one examination, and Dr. McGregor made two examinations. These were for the purpose of ascertaining her physical condition. The plaintiff has not called these witnesses. Her failure to produce them may be given such weight by you as you see fit."

The record discloses that the facts are correctly stated in the request. The refusal to give the request was error, within the ruling of *Cooley* v. *Foltz,* 85 Mich. 47 (48 N. W. 176). For this error the judgment must be reversed, and a new trial ordered.

The other Justices concurred.