BARNES *v.* CITY OF WEST BAY CITY.

138    93
156    294

HIGHWAYS AND STREETS — DEFECTIVE SIDEWALKS — PERSONAL IN-JURIES—CASE FOR JURY.
>    Evidence examined in an action against a city for injuries received from a fall on a defective sidewalk, and *held* to make a case for the jury, it being claimed that plaintiff was negligent in attempting to pass over the walk in question with knowledge of its defective condition.

Error to Bay; Shepard, J.  Submitted October 6, 1904. (Docket No. 17.)  Decided October 26, 1904.

Case by Lutheria A. Barnes against the city of West Bay City for personal injuries.  There was judgment for plaintiff, and defendant brings error.  Affirmed.

This action was brought to recover damages for injuries sustained by the plaintiff from a fall on a defective sidewalk in West Bay City.

Plaintiff, a woman of mature years, and a companion, were returning home from their day's work at a factory at about six o'clock in the evening of November 18, 1902, when she stepped into a hole in the sidewalk and fell and was injured thereby.

It appeared in evidence that plaintiff had passed over the walk in question many times, and knew of its general dilap-

idated condition, and on the evening in question was walking slowly, "picking her way along," to avoid the dangerous places. There were other streets, not quite so convenient for her, by which she could have reached home, and there was an opportunity to avoid the particular place where the injury occurred by stepping off the sidewalk and walking on the ground. The evening was dark, and there was an electric light half a block away.

Defendant offered no evidence.

*S. G. Houghton,* for appellant.

*De Vere Hall* (*Gilbert W. Hand,* of counsel), for appellee.

MOORE, C. J. This action is brought to recover for injuries received by the plaintiff upon a defective sidewalk. The city offered no evidence. From a judgment obtained by the plaintiff, the case is brought here by writ of error. The sole question involved is, Do the facts show plaintiff guilty, as a matter of law, of contributory negligence? It is claimed by the city they do, and that the case is within *Irion* v. *City of Saginaw,* 120 Mich. 295, and like cases. On the part of the plaintiff it is claimed the testimony presented a question of fact for the jury, under *Styles* v. *Village of Decatur,* 131 Mich. 443, and like cases. The case is near the border line. It would profit no one to set out the testimony in detail. We will content ourselves with saying the testimony made a question of fact for the jury.

Judgment is affirmed.

The other Justices concurred.