CLOUTIER *v.* CITY OF OWOSSO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    Testimony must be construed as strongly as reasonably possible in plaintiff's favor in considering whether or not a verdict should have been directed on defendant's motion because of alleged contributory negligence on plaintiff's part.

2. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—KNOWLEDGE OF DANGER—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.
    A person is not necessarily precluded from recovering for an injury caused by a defect in a sidewalk simply for the reason that he was aware that the sidewalk was defective, but such fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured (CL 1948, § 242.1, as amended by PA 1951, No 19).

3. HIGHWAYS AND STREETS—DEFECTIVE SIDEWALK—NEGLIGENCE.
    A person is not precluded from traveling over a sidewalk simply because he knows there is a defect in it but he is bound to

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 886.
[2–5] 25 Am Jur, Highways §§ 462–466.
[6] 53 Am Jur, Trial § 123 *et seq*.
[7–9] 25 Am Jur, Highways § 550 *et seq*.
[10] 20 Am Jur, Evidence §§ 765, 766.
[11] 25 Am Jur, Highways § 596.

exercise such care and diligence as a prudent man would exercise in view of the danger (CL 1948, § 242.1, as amended by PA 1951, No 19).

4. SAME—KNOWLEDGE OF DEFECTIVE SIDEWALK—NEGLIGENCE.

It is not negligence per se for one knowing of defects in a sidewalk to attempt to pass over it (CL 1948, § 242.1, as amended by PA 1951, No 19).

5. MUNICIPAL CORPORATIONS—DEFECTIVE SIDEWALK—CONTRIBUTORY NEGLIGENCE.

Issue of plaintiff pedestrian's contributory negligence was properly left to jury under a charge that fully protected the rights of defendant city in action against it for personal injuries received by plaintiff when she fell after stepping on a loose piece in portion of sidewalk over which she and others had passed many times, where it appears she did not know the particular piece was loose although the sidewalk thereabouts was cracked and broken (CL 1948, § 242.1, as amended by PA 1951, No 19).

6. TRIAL—REOPENING PROOFS—NOTICE TO CITY.

It was not an abuse of discretion for trial court to allow plaintiff to reopen proofs for the purpose of introducing notice served on defendant city following plaintiff's injury from defective sidewalk, where apparently plaintiff's counsel was under the mistaken belief that there was no dispute with reference to the service of the notice or its sufficiency, and that service had, in effect, been admitted (CL 1948, § 242.1, as amended by PA 1951, No 19; § 242.8).

7. MUNICIPAL CORPORATIONS—NOTICE OF INJURY—SUFFICIENCY.

Notice given by plaintiff pedestrian to defendant city *held*, sufficient to fairly and reasonably apprize defendant with plaintiff's claim as to how, when and where she was injured, where it stated that at a certain time she tripped and fell upon the sidewalk on the east side of a named street alongside a building designated with a street number because of "the defective condition of the sidewalk at the aforesaid point, the condition of the sidewalk being broken and otherwise damaged and deteriorated," and referred to plaintiff's broken wrist and contained an itemized account of the claim of damages; the situation not being altered by the fact that the declaration contained additional statements that were apparently regarded on the trial as surplusage (CL 1948, § 242.1, as amended by PA 1951, No 19; § 242.8).

8. SAME—NOTICE OF INJURY.

   A substantial statement of the manner in which an injury was received because of defect in sidewalk should suffice for the notice to be given the municipality, since it should not receive such a strict construction as to make it difficult for the average citizen to draw a good notice and because of the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period and because the notice is not a pleading (CL 1948, § 242.8).

9. SAME — DEFECTIVE SIDEWALK — NOTICE OF INJURY — DIRECTED VERDICT.

   Refusal to direct verdict for defendant city in action against it by plaintiff pedestrian for injuries received from alleged defective sidewalk because of claimed defective notice was not error, where the notice fairly and reasonably apprized defendant of how, when and where injury occurred (CL 1948, § 242.1, as amended by PA 1951, No 19; § 242.8).

10. APPEAL AND ERROR—EVIDENCE—CONCLUSIONS.

    It was not reversible error for trial court to permit plaintiff to state to jury her conclusions and observations with reference to her alleged injury, where, on objection by counsel, a statement in the nature of a conclusion was stricken out, and the balance of her testimony was not of such nature as to be materially prejudicial to defendant.

11. MUNICIPAL CORPORATIONS—KNOWLEDGE OF DANGER—INSTRUCTIONS—REQUEST TO CHARGE.

    Omission to give request to charge in pedestrian's action against city for injuries received when she stepped on loose piece of sidewalk on the public street that where a person sees the danger before the accident there is as great reason to avoid it as there is for the municipality to provide against it beforehand was not reversible error, where the issue of contributory negligence was fully covered by the charge and plaintiff testified that she did not know that the cement slab on which she stepped was loose.

Appeal from Shiawassee; Cash (Paul R.), J., presiding. Submitted June 9, 1955. (Docket No. 41, Calendar No. 46,537.) Decided October 3, 1955.

Case by Margaret Cloutier against the City of Owosso, a municipal corporation, for damages re-

sulting from injuries in fall on sidewalk. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*V. O. Braun,* for plaintiff.

*James M. Teahen, Jr.,* for defendant.

CARR, C. J.  Plaintiff sustained injuries as a result of falling on a defective sidewalk in defendant city, and sued in circuit court to recover damages. The accident happened on November 26, 1952, at about 12:15 p.m.  Plaintiff, a woman, at the time 67 years of age, left her place of employment at a local factory and walked along the east side of South Washington street in Owosso toward a restaurant at which she intended to obtain a lunch. In attempting to proceed over the defective place in the sidewalk she stepped on a slab or piece of cement, not knowing that it was loose, and fell, sustaining a fractured wrist and other injuries of a lesser nature.  Notice of the accident and principal injury was thereafter given to the city on or about December 22, 1952.

In her declaration plaintiff alleged that defendant breached its statutory duty to maintain the sidewalk in question in proper condition for public travel,* and that she was at the time of the accident and injury exercising due care for her own safety. On behalf of defendant answer was filed denying liability.  At the conclusion of plaintiff's proofs on the trial defendant moved for a directed verdict on the ground that no proof had been offered with reference to the service on the city of a proper notice of the accident and injury.  Thereupon the court allowed plaintiff to reopen her proofs for the

---

* See CL 1948, § 242.1, as amended by PA 1951, No 19 (Stat Ann 1953 Cum Supp § 9.591).—REPORTER.

purpose of introducing the notice that was actually served. Defendant objected to such action, and further claimed in support of its motion for directed verdict that the notice was insufficient in substance to fairly apprize defendant as to the spot where the accident happened and the nature of the defect causing plaintiff to fall. The motion was taken under advisement by the court, testimony was offered on behalf of defendant, and at the conclusion of the proofs the motion was renewed, reliance being placed on the reason first assigned and on the further ground that plaintiff was guilty of contributory negligence as a matter of law. The trial judge indicated in the colloquy that followed between himself and counsel that he did not think the motion well-founded. The case was submitted to the jury and a verdict in the sum of $2,000 in plaintiff's favor was returned. Defendant has appealed.

The principal question at issue has reference to the alleged contributory negligence on plaintiff's part. Appellant insists that she was familiar with the condition of the defective sidewalk, and that she was guilty of negligence in attempting to walk over it. In considering whether a verdict should have been directed on such ground we have in mind the general rule that the testimony must be construed as strongly as reasonably possible in plaintiff's favor. *Anderson* v. *Kearly,* 312 Mich 566; *Spiers* v. *Martin,* 336 Mich 613; *Douglas* v. *Holcomb,* 340 Mich 43.

As a witness in her own behalf plaintiff testified with reference to the time and place of the accident and injury. The following excerpt from her testimony, reduced in the record to narrative form, indicates her claim as to the cause of her fall:

"My mind was on looking where I was going and getting back to work. I was watching for my own

safety. When I got in front of 605 South Washington street I fell down. The sidewalk was all cracked and broken and I stepped on a piece of loose cement or something, and over I went. I fell on my right side. I couldn't tell before I stepped on the cement whether or not it was loose. If I could, I wouldn't have stepped on it. If I knew it I wouldn't have stepped on it. I didn't want to fall. When I stepped on the cement it threw me and I fell on the walk and fell tilting on my left side."

She further stated on cross-examination that she had walked over the sidewalk area in question many times, that she was a "spry walker," and that her eyesight was good. The testimony further indicates that many people other than plaintiff passed over the section of sidewalk in question.

The fact that plaintiff knew that the section of sidewalk where she fell was not in good condition does not necessarily establish that she was guilty of contributory negligence as a matter of law in attempting to walk over it. In *Vergin* v. *City of Saginaw,* 125 Mich 499, 502, in holding that the question as to plaintiff's contributory negligence was for the jury to determine, the Court quoted with approval from *Lowell* v. *Township of Watertown,* 58 Mich 568, as follows:

"'A person is not necessarily precluded from recovering for an injury caused by a defect in a highway simply for the reason that he was aware of such defect; but this fact, with all others, is proper to be taken into consideration by the jury in determining whether, under all the facts and circumstances, he was guilty of such carelessness or negligence without which he would not have been injured.'"

Likewise, in *Belyea* v. *City of Port Huron,* 136 Mich 504, 507, this Court, in holding that the issue

of contributory negligence was properly submitted to the jury, said, in part:

"It has been repeatedly held that a man is not precluded from traveling over a highway or sidewalk simply because he knows there is a defect in it. He is bound, however, to exercise such care and diligence as a prudent man would exercise in view of the danger. We think the following cases justify the charge of the learned judge: *Lowell* v. *Township of Watertown*, 58 Mich 568; *Harris* v. *Township of Clinton*, 64 Mich 447 (8 Am St Rep 842); *Dundas* v. *City of Lansing*, 75 Mich 499 (5 LRA 143, 13 Am St Rep 457); *Brezee* v. *Powers*, 80 Mich 172; *Ashman* v. *Railroad Co.*, 90 Mich 567; *Corcoran* v. *City of Detroit*, 95 Mich 84; *Dittrich* v. *City of Detroit*, 98 Mich 245; *Germaine* v. *City of Muskegon*, 105 Mich 213; *Whoram* v. *Township of Argentine*, 112 Mich 20 (1 Am Neg Rep 464); *Schwingschlegl* v. *City of Monroe*, 113 Mich 683."

In accord with the foregoing decisions, it was held in *Oesterreich* v. *City of Detroit*, 137 Mich 415, that:

"It is not negligence per se for one knowing of defects in a sidewalk to attempt to pass over it." (Syllabus 1.)

In *Wadkins* v. *City of Albion*, 201 Mich 130, 133, in affirming a judgment for the plaintiff, it was said:

"The fact that the plaintiff had knowledge of the defect did not necessarily establish her negligence but was a fact to be considered by the jury along with the other facts as to whether she was negligent or not. *Whoram* v. *Township of Argentine*, 112 Mich 20 (1 Am Neg Rep 464); *Barnes* v. *West Bay City*, 138 Mich 93. There are many other cases to the same effect."

The proofs in the instant case bring the question of contributory negligence on plaintiff's part within in the rule recognized and applied in the foregoing

decisions. While plaintiff knew that the· sidewalk was not in good condition for travel, she was also aware that she had passed over it previously in safety and that others had done likewise. According to her testimony she did not know when she stepped on the slab or piece of cement that it was loose. The trial judge was correct in submitting the issue to the jury under a charge that fully protected the rights of the defendant.

Appellant cites and relies on *Vincent* v. *City of Detroit,* 209 Mich 542. There plaintiff undertook to cross a street where repairs to a streetcar track were in progress, the pavement being torn up to permit the carrying on of the work. According to the plaintiff's testimony she stepped down on a tie and undertook to step over the rail, the top of which was approximately 6· inches above the tie. She either caught her foot on the rail or tripped over it. Obviously there was no misapprehension on her part as to the exact nature of the situation. Under such circumstances it was held that she was not entitled to recover. Reliance is also placed by appellant on *Johnson* v. *City of Pontiac,* 276 Mich 103. In describing how the accident happened, plaintiff in that case admitted that she knew that the sidewalk was in such condition that it was unsafe to walk over it. However she undertook to do so, with the result that her heel struck a piece of concrete that projected approximately 3 inches above the level of the sidewalk. It was held that she was guilty of contributory negligence as a matter of law. Because of the factual situations involved, the decisions relied on are not controlling in the case at bar.

Appellant further claims that the trial court was in error in allowing plaintiff to reopen her proofs for the purpose of introducing the notice served on the city following the accident. On the record be-

fore us it may not be said that such action consti-
tuted an abuse of discretion. Apparently counsel
for plaintiff was under the mistaken belief that
there was no dispute with reference to the service
of the notice or its sufficiency, and that such service
had in effect been admitted. There was no error
in permitting the proofs to be reopened for the pur-
pose indicated.

It is also urged that the notice served on the city
was insufficient to constitute a compliance with the
requirements of the statute. CL 1948, § 242.8 (Stat
Ann § 9.598), reads as follows:

"In the event damages are sustained by any per-
son, either by bodily injuries or to his property, be-
cause of the defective condition of any highway,
street, bridge, sidewalk, crosswalk or culvert in any
city or incorporated village of this State where writ-
ten notice of such inquiry [injury?] and defect is
now required by law to be served upon such village or
city before recovery can be had, it will be necessary
to show that such person did serve written notice
upon said city or village within 60 days from the
time of the happening of such injury. Said notice
may be served upon any member of the common
council, city or village clerk, board of public works,
street commissioner, marshal or other city or village
officer, except policeman or fireman. The notice will
specify the location and nature of said defect, the
injury sustained, and the names of the witnesses
known at the time by claimant. If required by the
common council or committee thereof, said claimant
shall produce his witnesses before said common
council or committee, and they may be sworn and
examined as to the nature of the claim, the amount
thereof, and the extent of the injury. The common
council or committee shall have power to subpoena
witnesses for such hearing. No other or further no-
tice shall be required. The intent and purpose
of the provisions of this chapter are to make the

law of liability on the part of townships, villages and cities for injuries sustained by persons because of the defective condition of the highways and the procedure in giving notice thereof, uniform throughout the State, and to repeal all laws or acts of the legislature be the same general, local or special which are inconsistent with or contravening the provisions herein. All actions in court under this act must be brought within 2 years from the time said injury was sustained."

The notice served on the city by plaintiff set forth that on the 26th of November, 1952, about 12:15 p. m., she tripped and fell upon the sidewalk on the east side of South Washington street alongside a building designated as 605 South Washington street. It was further specified that the fall was suffered because of "the defective condition of the sidewalk at the aforesaid point, the condition of said sidewalk being broken and otherwise damaged and deteriorated." The notice referred to the broken wrist, and contained an itemized account of the claim of damages.

The declaration filed alleged the condition of the defective sidewalk in more detail than did the notice, averring that it was "cracked and broken, full of holes and pitfalls, causing traps and dangerous places of loose pieces and slabs of cement and dirt." It will be noted that the declaration repeated the claim set forth in the notice to the effect that the sidewalk was "broken." Plaintiff's testimony on the trial indicates her claim that the sidewalk was broken, and that she was injured because she stepped on a piece of cement that was loose not knowing at the time that it was in such condition. It does not appear that there was any substantial variance between plaintiff's claim as set forth in the notice and that indicated by her statements on the trial. We think the notice was sufficient to

fairly and reasonably apprize defendant with plaintiff's claim as to how she was injured. The fact that the declaration contained additional statements that were apparently regarded on the trial as surplusage does not alter the situation.

In *Brown* v. *City of Owosso,* 126 Mich 91 (9 Am Neg Rep 505), plaintiff brought an action to recover damages for an injury sustained by her resulting from a fall on a board sidewalk in defendant city, which was at the time incorporated under the general law. As does the statute presently in force, said law required as a condition precedent to recovery the serving of a written notice on the city setting forth the time and place where the injury occurred, and the manner in which it occurred. Plaintiff alleged in the notice served by her that she was injured by being "tripped up by a loose plank upon the sidewalk." Claiming that the notice asserted no defect in the walk or that one of the boards therein was loose, counsel for defendant city made a motion in the trial court for a directed verdict which was granted. This Court, in reversing the action of the trial judge, said (pp 94, 95):

"Counsel contend that the notice shows no negligence upon the part of the city, and that it does not state that the walk was defective, or that one of its boards was loose, but that she was injured by falling over a loose plank lying upon the sidewalk. We think this a technically correct construction of the language, though most people would understand that the words 'loose plank' referred to a plank of the walk which had become loosened. Had the words been transposed, so as to state that she had been tripped upon the sidewalk by a loose plank, it would have been a more definite statement, though even that would not have excluded the inference that the plank might have been one that was not at any time a part of the walk. This notice is not a

pleading, and we are of the opinion that the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, especially in view of the evident intention that a substantial statement should be sufficient, and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period."

In *Oesterreich* v. *City of Detroit, supra,* plaintiff, who sought to recover damages for injuries resulting from a fall on a sidewalk of defendant city, served a notice stating that the cause of her injury was "a defect in the sidewalk laid along said Biddle street at said place." The trial court directed a verdict for defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. In reversing the decision and ordering a new trial this Court considered the further claim of the defendant based on the alleged insufficiency of the notice, saying (pp 418, 419):

"The city attorney contends that the judgment should be sustained in any event, for the reason that the notice served on the corporation counsel was not sufficient in form. The claim is that it failed to state with sufficient certainty the cause of the injury. The charter provision relied upon was considered in *Tattan* v. *City of Detroit,* 128 Mich 650, where a notice very similar to the one given in this case was held to have sufficiently described the time, place, and cause of the injury. It was there said that the statute, being in derogation of common right, should receive a reasonably strict construction. We hold the notice in the present case adequate."

Appellant cites and relies on *Harrington* v. *City of Battle Creek,* 288 Mich 152; *Overton* v. *City of Detroit,* 339 Mich 650; *Rottschafer* v. *City of East Grand Rapids,* 342 Mich 43. In the *Harrington Case*

the notice served on the city failed to state a defect in the sidewalk on which liability could be predicated. Plaintiff claimed in said notice that the defect was "20 inches long, lying in the middle of said sidewalk, and is 2 inches deep, on an average." She claimed that she unknowingly stepped on the edge of the defect, and fell. On the trial the declaration was amended to allege that plaintiff's toe caught under the edge of the walk projecting over the opening, and that the fall resulted therefrom. Judgment for defendant notwithstanding the verdict was affirmed on the ground that the notice filed stated no liability on the part of the city. Such is not the situation in the case at bar, nor are we confronted with any claim to that effect.

In *Overton* v. *City of Detroit, supra,* the notice of claim was held fatally defective because it did not describe with sufficient accuracy the place where the alleged injury had occurred. The notice involved in the instant case is not open to such objection. In *Rottschafer* v. *City of East Grand Rapids, supra,* plaintiff claimed on the trial of the cause that while walking over a sidewalk in defendant city her foot became caught under the raised edge of a cement sidewalk slab. The statutory notice served on defendant indicated that she had stumbled over a break in the sidewalk. The trial court concluded that the notice was not sufficient to apprize the city as to plaintiff's claim as actually presented on the trial, and granted a motion for judgment notwithstanding the verdict. In affirming such action this Court held that the case fell within the scope of the decision in the *Harrington Case,* concluding that the notice given did not fairly and reasonably apprize defendant that plaintiff claimed that she was injured because the sidewalk was in such condition that it presented a "trap" in which her foot was caught.

The decisions last cited, on which appellant relies, may not be regarded as in point under the facts in the instant case. As before pointed out, it was plaintiff's claim, in the notice that she served on the city of Owosso, that the cause of her injury was the broken walk, and that was precisely her claim on the trial. The circuit judge was not in error in refusing to direct a verdict in favor of defendant on the ground that the notice served by her on the city did not comply with statutory requirements.

It is further urged by appellant that the trial court erred in allowing plaintiff to state to the jury her conclusions and observations with reference to her alleged injury. On objection by counsel a statement in the nature of a conclusion was stricken out, and the balance of the testimony of the witness as to her injury was not of such nature as to be materially prejudicial to defendant. We find also that the claims of the parties were fully and fairly presented to the jury in the charge of the trial court, that there was no error in the instructions with reference to damages, and that defendant's request for an instruction in language taken from the opinion in *Vincent* v. *City of Detroit, supra,* was properly denied. The issue of contributory negligence was fully covered in the charge as given, and the requested instruction would in any event have been improper in view of plaintiff's testimony that she did not know that the cement slab on which she stepped was loose.

The judgment is affirmed, with costs to appellee.

BUTZEL, SMITH, SHARPE, BOYLES, REID, and KELLY, JJ., concurred with CARR, C.J.

DETHMERS, J., concurred in the result.