BROWN v. GRELL.

Negligence—Contributory Negligence—Stairway—Tripping on Metal Strip.
  Plaintiff who tripped over loosened metal strip on stair landing on defendant's premises which caused her injuries incident to fall down the stairwell *held*, guilty of contributory negligence as a matter of law, where the condition was one of which she had known for more than 2 years and where she had tripped before by reason of catching her heel.

Appeal from Wayne; McDonald (Archie D.), J., presiding. Submitted February 5, 1963. (Calendar No. 42, Docket No. 49,734.) Decided April 5, 1963.

Case by Betty R. Brown against Henry Grell for injuries sustained in fall on stairs. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Max M. Marston* (*Murdoch J. Hertzog,* of counsel), for plaintiff.

*Ward, Plunkett & Cooney* (*John D. Peacock,* of counsel), for defendant.

References for Points in Headnote
38 Am Jur, Negligence §§ 184–188.

KELLY, J.   Plaintiff brought suit alleging defendant negligently permitted the floor approaching the stairwell on the second floor of his premises "to be and remain in a dangerous condition by reason of permitting a metal strip thereon to remain loose and in disrepair," and that she "caught her heel on the protruding metal, causing her to fall down the stairwell."

The pretrial statement contains the following under the heading "Plaintiff's Version":

"As plaintiff was descending the stairs, she tripped on a metal strip which defendant had permitted to remain loose and in disrepair.   This condition was not known to her nor apparent to her because of defendant's failure to have lighted the stairwell properly."

At trial plaintiff's testimony contradicted her pretrial position that "this condition was not known to her nor apparent to her," as she testified she had made 3 round trips up and down the stairs for a period of more than 2 years before the accident; that the stripping she tripped on had always been raised a short distance above the level of the stairs or landing so that water would accumulate at certain spots when the floor was washed; that this raised or loosened condition of the metal strip had existed "for a couple of years, getting progressively worse"; that she "had come close to falling at other times.   One time in particular when apparently it had caught my heel and I fell.   It happened to be a fellow in front of me and I caught hold of him and he broke my fall"; that she couldn't say that she ever discussed with defendant the condition of the stairs or the metal strip because "I probably thought it was out of my jurisdiction."

Plaintiff, abandoning her pretrial version that her fall was caused "because of defendant's failure to have lighted the stairwell properly," testified that

there was a switch for the light at the top of the stairs that she did not turn on because it was not necessary as there was sufficient light from the glass doors on the main floor, and when the question was asked: "So actual lighting was of no particular concern in this fall, was it?" she answered, "I guess not."

At the conclusion of proofs, defendant moved for a directed verdict of no cause for action, and in granting the motion the court, after commenting on the variance between the pretrial statement and the proofs, stated:

"Now, whether we decide this on an assumption of risk or contributory negligence you do have a situation here where a known, claimed defect existed and that had existed for a long time. There was nothing to support the testimony that plaintiff took any precautions as she went down, she says she must have tripped on it. It seems that she should have exercised some care knowing that that situation which she claims was bad, was a dangerous situation. Now you come into court and claim it is dangerous and you knew about it and saw it before, spoke of it and it impressed you enough to be cognizant of it. It doesn't seem to be logical that you could come in and then say it was there but it is for someone else to decide whether or not it was dangerous when in fact the testimony says it was a dangerous situation. I think it requested [required?] that the plaintiff exercise what an ordinary person would do under those circumstances."

The trial court did not err in granting defendant's motion for a directed verdict at the close of proofs. See *Jones* v. *Michigan Racing Association,* 346 Mich 648; *Yearsley* v. *City Bank,* 361 Mich 574.

Affirmed. Costs to appellee.

Carr, C. J., and Dethmers, Black, Kavanagh, Souris, Otis M. Smith, and O'Hara, JJ., concurred.