PIGG v. BLOOM

1. MOTIONS—TRIAL—MOTION FOR DIRECTED VERDICT—EVIDENCE— TRIAL COURT'S REVIEW.

A trial judge must review all the evidence when passing on a motion for directed verdict, give the opposing party the benefit of all conflicts and inferences, and decide if there is any evidence from which the trier of fact could reasonably find a verdict contrary to the moving party.

2. NEGLIGENCE—APPEAL AND ERROR—CONTRIBUTORY NEGLIGENCE—DI- RECTED VERDICT—EVIDENCE—STANDARD OF REVIEW.

The standard applied in appellate review of a directed verdict granted on the ground of contributory negligence, is whether,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial §§ 332, 333, 336, 347–353.
[2] 5 Am Jur 2d, Appeal and Error § 886.
[3–5] 38 Am Jur, Negligence § 187.
[6] 38 Am Jur, Negligence §§ 187, 348.
[7] 38 Am Jur, Negligence § 184 et seq.

upon favorable-to-plaintiff view of the evidence, all reasonable men would agree that plaintiff was guilty of contributory negligence.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—A KNOWN DANGER—FORGETFULNESS.

Forgetfulness of a known danger is not necessarily contributory negligence and is only one factor to be considered in the light of a total situation in determining whether the overall test of reasonable care has been met.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—A KNOWN DANGER—FORGETFULNESS—QUESTION OF FACT.

Whether forgetting a known danger is contributory negligence is a question for the trier of fact and not a question of law since such a case presents circumstances which make it impossible for reviewing courts to say, with any certainty, that all reasonable men would agree that plaintiff was contributorily negligent.

5. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—A KNOWN DANGER—INATTENTION—ORDINARY CARE.

Inattention to a known danger may be consistent with ordinary care in situations where one is required to give undivided attention to matters other than the impending danger, or where situations produce haste or confusion or a suddenly arisen condition calculated to divert one's attention momentarily from danger.

6. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—A KNOWN DANGER—INATTENTION—QUESTION OF FACT.

Directed verdict of no cause of action on the ground of contributory negligence as a matter of law was error where plaintiff tenant, who tripped over a torn carpet in defendants' apartment building, testified that she knew of that danger but was distracted by a neighbor and preoccupied with other things when she tripped and fell since a determination of contributory negligence was a question of fact for the trial judge, sitting without a jury, and the circumstances of plaintiff's fall could reasonably lead the trier of fact to conclude that plaintiff's momentary inattention to the torn carpet was consistent with the conduct of an ordinarily prudent person.

7. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DANGER.

Mere knowledge of a dangerous condition is not sufficient to charge a party injured thereby with contributory negligence

as a matter of law since the question is whether a plaintiff had the danger in mind when his injury occurred.

Appeal from Wayne, George E. Bowles, J. Submitted Division 1 February 5, 1970, at Detroit. (Docket No. 7,086.) Decided February 27, 1970.

Complaint by Hester Pigg against Harry Bloom and Beatrice Bloom to recover for injuries sustained during a fall in defendants' apartment building. Judgment of no cause of action. Plaintiff appeals. Reversed and remanded.

*Eli Friedman,* for plaintiff.

*Kerr, Wattles & Russell (P. Joseph Pascoff,* of counsel), for defendants.

Before: LEVIN, P. J., and J. H. GILLIS and BRONSON, JJ.

J. H. GILLIS, J. This is a trip and fall case. Plaintiff Hester Pigg sustained serious injuries when she tripped and fell on torn carpeting that covered the floor of a hallway outside her apartment. The apartment building was owned by defendants Harry and Beatrice Bloom. Plaintiff commenced suit against defendants, alleging that she fell as a result of defendants' negligence; specifically, it was alleged that defendants failed to repair torn carpeting covering the hallway floor outside plaintiff's apartment in breach of their duty to maintain the building's common areas in a reasonably safe manner. Defendants' answer denied negligence. By way of affirmative defense, defendants alleged that the fall was occasioned solely by the negligence of the plaintiff. It was alleged that plaintiff failed to

observe the torn carpeting in breach of her duty to exercise reasonable care for her own safety.

Trial was to the court, sitting without a jury. At the close of plaintiff's proofs, defendants moved for a directed verdict on the ground that, as a matter of law, plaintiff was guilty of contributory negligence. The trial court agreed and entered a judgment of no cause of action in defendants' favor. On appeal, the only question we need answer is whether the trial court erred in ruling that plaintiff was contributorily negligent as a matter of law.

On a motion for directed verdict, it is the duty of the trial judge to review all the evidence, giving to the opposing party the benefit of all conflicts and inferences, and decide if there is any evidence from which the trier could reasonably find a verdict contrary to the moving party. The principle is well established. See *Blazo v. Neveau* (1969), 382 Mich 415. It is also well established that, on appeal, the standard to be applied in reviewing the direction of a verdict on the ground of contributory negligence is whether, upon favorable-to-plaintiff view of the evidence, all reasonable men would agree that plaintiff was guilty of contributory negligence. *Budman v. Skore* (1961), 363 Mich 458; *Ingram v. Henry* (1964), 373 Mich 453, 455, and cases there cited.

In the present case, the trial judge summarized the evidence as follows:

"The particular accident occurred at 8:30 a.m. on the morning of April 10, 1965. Plaintiff was dressed in house slippers, the type where one slips her foot into the slippers, and took approximately three steps before she fell. She had been chatting some two minutes with other apartment dwellers before she fell and had in one arm a stack of newspapers for the week.

"As she described the accident, she took one step toward the front while looking back, and when she made that first step her foot went under the rug and she pitched forward. * * *

"Introduced into evidence were pictures of the carpeting and the opening or slit in the carpeting which graphically described the worn portion of the carpeting. There was an opening some five to six inches wide into which plaintiff's foot went before she pitched forward and sideways. She concedes that she did not look down at the floor before she fell and in fact was looking to the back as she chatted with another tenant or tenants. She also conceded that some six to seven months before she had reported the defective and worn condition of the carpeting when she had noticed a smaller separation.

* * *

"We believe that *Brown* v. *Grell,* 369 Mich. 628, is controlling. There plaintiff tripped over a loose metal strip on a stair landing on defendant's premises which caused her injuries incident to a fall down the stairwell. She was held to be contributorily negligent as a matter of law, where the condition was one of which she had known for more than two years and where she had tripped before by reason of catching her heel. In our case plaintiff knew of the defective condition, in fact had complained about it six months or so before this incident and must have been aware that the condition could not have improved with time since the repairs had not been made. So far as the lighting, the lighting was not the cause of the happening of this accident since she was not looking forward at the time and was in fact, by her own admission, conversing with another tenant or tenants and looking backward over her shoulder. * * * "

The trial judge concluded:

"Certainly the defendant was negligent and did not provide a reasonably safe place for his tenant

or tenants, but at the same time, under the facts of this case, we must hold that plaintiff was contributorily negligent under the authority of *Brown* as well as *Jones* v. *Michigan Racing Association* (1956), 346 Mich 648, and *Yearsley* v. *City Bank* (1960), 361 Mich 574. A judgment of no cause of action may be entered."

For reasons hereafter discussed, we reverse and remand for trial. On the record before us, the question of plaintiff's contributory negligence at the time of the fall was one for the trier of fact.

On appeal, plaintiff does not question the trial court's finding that at the time of the fall she was not looking at the floor. Nor does plaintiff contest the fact that she had notice of the defect. It also appears from the record that plaintiff considered the torn carpeting to be dangerous. Nevertheless, plaintiff contends that these facts alone do not warrant a finding that, at the time of the fall, plaintiff was contributorily negligent as a matter of law. Plaintiff relies on *Uren* v. *Toth* (1966), 5 Mich App 170.

Defendants argue that plaintiff's contributory negligence was glaring. Plaintiff, we are told, exerted no effort whatsoever to avoid a condition that she knew was present and considered dangerous. The accident would not have happened if she had momentarily looked and then simply stepped over or squarely on the separation. Defendants reiterate their contention, accepted by the trial judge, that this case is controlled by *Brown* v. *Grell* (1963), 369 Mich 628. Finally, defendants suggest that we need not consider whether plaintiff was contributorily negligent as a matter of law. It is argued that the trial judge treated the issue of plaintiff's negligence as a question of fact, resolving

that issue against plaintiff while sitting as trier of fact. We treat this latter contention first.

After reviewing the record and the trial court's opinion in this case, we are satisfied that the trial judge considered plaintiff contributorily negligent as a matter of law. Although the matter is not entirely free from doubt, we reach this conclusion for the following reasons. It is apparent from the opinion of the trial judge that he viewed *Brown* v. *Grell, supra,* as controlling. In *Brown,* plaintiff was held to be contributorily negligent as a matter of law— a disposition specifically noted by the trial judge in his opinion filed in this case. The trial judge also relied on *Jones* v. *Michigan Racing Association* (1956), 346 Mich 648. Again, in *Jones,* plaintiff's contributory negligence was resolved as a matter of law. See 346 Mich at 650. In light of the trial judge's reliance on cases which resolved issues of contributory negligence as a matter of law, we can only conclude that the trial judge here acted likewise, holding plaintiff guilty of contributory negligence as a matter of law. In like cases arising in the future, we think it advisable that the trial bench, when sitting without a jury, make clear on the record whether they have acted as a matter of law, or as trier of fact, in entering judgments of no cause of action.

We proceed to the merits. The question is: Can it be said that plaintiff was contributorily negligent as a matter of law?

The facts, as summarized by the trial court, support the conclusion that at the time of her fall plaintiff's attention was distracted. Immediately prior to the fall, plaintiff was chatting with a fellow tenant, one William Green. Plaintiff testified at trial that Mr. Green initiated the conversation. On cross-examination, plaintiff testified as follows:

"*Q.* Now, from the time you left your apartment to the time of the accident, did you look at the floor?

"*A.* No, I didn't.

"*Q.* You were looking ahead of you or either looking at Mr. Green; is that correct?

"*A.* I looked at Mr. Green and, actually, *I was in a hurry. I didn't look at anything. I was expecting a telephone call at nine o'clock. All I wanted to do was get in the basement and get back before the phone rang.*

"*Q.* You were in a hurry? Is that correct?

"*A.* I wasn't rushing; I wasn't running, *but I had this on my mind.*

"*Q.* You wanted to perform your chores, deposit the newspapers, and come back up for the telephone call; is that correct?

"*A.* That's right." (Emphasis supplied.)

Just what plaintiff had on her mind at the time of the fall is not disclosed in the record. It is clear, however, that, at the time of her fall, plaintiff did not have the defective carpeting in mind.

In *Whoram v. Township of Argentine* (1897), 112 Mich 20, plaintiff recovered a judgment for personal injuries received after falling on an allegedly defective highway. The testimony disclosed that plaintiff knew of the defect in the highway. However, as here, at the time of the fall plaintiff was not thinking of the defect. Rather, he "was thinking about my errand—about my business—when the accident happened. I didn't think about this hole. My mind was intent upon my business at the time." 112 Mich at 22. On appeal, defendant argued that plaintiff's testimony, in light of his prior knowledge of the defect, required the conclusion that plaintiff was negligent as a matter of law. The Court, citing *Bouga v. Township of Weare* (1896), 109 Mich 520, held that the question of plaintiff's contributory neg-

ligence was properly left to the jury. 112 Mich at 23.

In *Bouga* v. *Township of Weare, supra,* at 523, the Court noted:

"Certainly, one who should pass a broken bridge by a ford, in the morning, might be expected to remember the fact until night, and act upon such recollection. *Whether or not it would be negligent to forget it, and drive upon the bridge, might depend upon* circumstances, which would be for the jury to pass upon." (Emphasis supplied.)

Both *Whoram* v. *Township of Argentine, supra,* and *Bouga* suggest the following rule. We quote from an annotation entitled, "Momentary Forgetfulness of Danger as Contributory Negligence," 74 ALR 2d 950, 953:

"[F]orgetfulness is not necessarily negligence but is merely one factor to be considered in light of the total situation, in determining whether the overall test of reasonable care has been met."

Accord, *Kucinski* v. *City Laundry & Cleaning Works* (1928), 242 Mich 352, 355. Moreover, that same annotation notes that in a number of cases courts have held the issue of contributory negligence in forgetting a known danger to be a question for the trier of fact. *Bouga* v. *Township of Weare, supra,* is cited as supporting authority. See 74 ALR 2d at 955, 956. In other words, such cases present circumstances making it impossible for the reviewing court to say with any certainty that all reasonable men would agree plaintiff was guilty of contributory negligence.

*Dundas* v. *City of Lansing* (1889), 75 Mich 499, provides an additional example. Plaintiff sued for injuries sustained when she fell into a hole on an

allegedly defective crosswalk. Again, there was testimony that plaintiff knew of the defect prior to the accident. Defendant claimed that plaintiff's testimony established as a matter of law that she was contributorily negligent. The Court responded at p 509:

> "*She testified that she was in a hurry to get home, and was not thinking about the hole in the walk, nor looking for it,* and that if she had been thinking about it, or looking for it, she would not have stepped into it; that she was sure it was because she did not think of it that she stepped in; that she did not look for the hole.
>
>        \*        \*        \*
>
> "It is doubtless true, as plaintiff testified, that had she been at the time upon the lookout for this hole in the walk she might have seen and avoided it; *but the question is, was she negligent, under all the circumstances and surroundings, in not seeing and avoiding it? The darkness of the night, the storm, her anxiety to get home are all circumstances that should be weighed as bearing upon her conduct upon that occasion. The question is not free from doubt, and when it is not it should be submitted to the jury.*" 75 Mich at 509, 510. (Emphasis supplied.)

See also, *Graves* v. *City of Battle Creek* (1893), 95 Mich 266; 2 Restatement Torts 2d, § 289, comment k, p 45.

A second commentator lists the following circumstances under which inattention to a known danger may be consistent with the exercise of ordinary care:

"[T]he situation requires one to give undivided attention to other matters, or is such as to produce hurry or confusion, or where conditions arise suddenly, which are calculated to divert one's attention

momentarily from the danger." 65A CJS, Negligence, § 120(2), p 65.

In the present case, it was plaintiff's testimony that she was in a hurry; something was on her mind. Whether that something was so trivial as not to warrant inattention to her surroundings is not disclosed in the record. However, in the absence of testimony to the contrary,* we think it permissible to infer on favorable-to-plaintiff view of the evidence that what distracted her attention was a matter of importance. Plaintiff also testified that she was anxious to return to her apartment; she was expecting a telephone call. Upon leaving her apartment, her attention was distracted by Mr. Green and immediately thereafter she fell. All these circumstances combined could reasonably lead the trier of fact to conclude that plaintiff's momentary inattention to the torn carpet was consistent with the conduct of an ordinarily prudent person. Whether or not a reasonable person would have avoided the torn carpet of which he had prior knowledge under like circumstances was, on the testimony presented, a question on which reasonable men might fairly reach different conclusions. As such, the question of plaintiff's contributory negligence was for the trier of fact. *Todd* v. *Simonis* (1963), 370 Mich 342; *Ingram* v. *Henry, supra; Uren* v. *Toth, supra.*

Both *Brown* v. *Grell, supra,* and *Jones* v. *Michigan Racing Association, supra,* upon which defendants rely, are distinguishable. In each, no evidence was presented indicating that, at the time of the accident there involved, plaintiff was distracted. In *Jones,* the Court noted at 650, 651:

"[P]laintiff, before the accident, saw the muddy puddles and wet tickets all over the floor, recognized

---

* Under GCR 1963, 111.7, contributory negligence is an affirmative defense.

or should have recognized that a dangerous condition was thereby created and, *in the face of such knowledge,* undertook to leap on one foot across the 4- to 5-foot puddle." (Emphasis supplied.)

And see, *Shorkey* v. *Great Atlantic & Pacific Tea Co.* (1932), 259 Mich 450, 453. Defendants' contention that *Brown* and *Jones* control overlooks a fundamental distinction.

"Knowledge alone of the dangerous character of the instrumentality which causes an injury is not sufficient to charge the injured party with contributory negligence, as a matter of law; *the question in each case being whether plaintiff did or did not have the danger in mind at the time of the injury complained of.* Dundas v. *City of Lansing,* 75 Mich. 499 (5 L.R.A. 143, 13 Am. St. Rep. 457); *Graves* v. *City of Battle Creek,* 95 Mich. 266 (19 L.R.A. 641, 35 Am. St. Rep. 561); *Grandorf* v. *Railway Co.,* 113 Mich. 496; *Vergin* v. *City of Saginaw,* 125 Mich. 499." *Kucinski* v. *City Laundry & Cleaning Works* (1928), 242 Mich 355, 356. (Emphasis supplied.)

In summary, on the evidence presented, it was error for the trial court to conclude as a matter of law that plaintiff was contributorily negligent. What constituted due care for plaintiff's own safety was, on this record, a question of fact and not of law.

Reversed and remanded for new trial. Costs to appellant.

All concurred.