## THE PEOPLE v. TIMOTHY HARTY.

*Bastardy—Jurisdiction.*

Whether bastardy proceedings can be instituted in any court outside of the county in which the child was born and is living—Q.

Bastardy proceedings are not regarded in Michigan as dealing with a crime or a misdemeanor; and they do not fall within the statutes which give the Superior Court of Grand Rapids jurisdiction over *crimes, misdemeanors* and *offenses* committed within the city; the term "offenses" is construed as *in pari materia* with crimes and misdemeanors.

Certiorari to the Superior Court of Grand Rapids. Submitted October 19. Decided October 31.

BASTARDY proceedings. Respondent was convicted. Proceedings quashed.

Attorney General *Jacob J. Van Riper* for the People.

*D. E. Corbitt* for respondent.

GRAVES, C. J. It appears from the record that a female variously called in the proceedings Kittie, Kattie and Catherine Hoey was on the 26th of July, 1879, delivered of a bastard child at Big Rapids, Mecosta county, the place where she was then living; that in February, 1880, she went before the police judge of Grand Rapids and charged Timothy Harty with being the father of the child, and that such proceedings were there had that the Superior Court of the city took jurisdiction and in November, 1880, held a trial in which the charge was sustained; that on the 30th of

December following the court grounded an order on the finding and adjudged that Harty with complainant's assistance should stand chargeable with the child's support. The order also defined what Harty should do towards supporting the child and further provided that he should execute a bond to the superintendent of the poor of Kent county in the penal sum of $800 with two or more sureties conditioned for the payment of the money directed by the order, and also conditioned to indemnify the county of Kent in case it should become chargeable with the child's support. The claim was that the child was begotten in the city of Grand Rapids; but it was also admitted that it was living with the Sisters of Mercy at Big Rapids where it was born.

It may be questionable whether on this state of facts it was competent for any court in Kent county to take cognizance of the case. *Sutfin v. People,* 43 Mich. 37; *Waite v. Washington,* 44 Mich. 388; *Semon v. People,* 42 Mich. 141. If regarded as strictly a criminal proceeding then it is certain that no court there had power over it.

It is very clear that the Superior Court had no authority. The only provision giving any possible color for it is found in subdivision 11 of § 13 of Act 49 of the Public Acts of 1875, as amended by Public Act 147 of the Laws of 1877. Original and exclusive jurisdiction is there given to the Superior Court of all prosecutions and proceedings in behalf of the people of this State for all *crimes, misdemeanors,* and *offenses* arising under the laws of this State and committed within the corporate limits of the city, except in cases exclusively cognizable by the police justice or justices of the peace of said city. Here we have the sole basis for an assumption of jurisdiction, and the case is clear that bastardy proceedings are not in this State criminal in any correct sense, and they do not recognize the matter they deal with as a crime or misdemeanor (*Frank Cannon's Case* 47 Mich. 481 and cases cited); and the term "*offenses*" does not change the effect. That word as it stands here is nearly synonymous with the others. It was not intended to bring in a class of cases beyond the domain of generally recognized crime and where

acts are made punishable as criminal transgressions. Most likely the introduction of the word was owing to an apprehension that there might be cases belonging to the field of crime but less enormous than those usually spoken of as criminal, which might occasion some doubt if the jurisdiction was left to rest on the terms "crimes and misdemeanors" alone.

As the court had no jurisdiction the proceedings must be quashed.

The other Justices concurred.