ANNE COOLEY v. MICHAEL FOLTZ.

85    47
f125  503

*Evidence—Witnesses—Physicians—Privileged communications.*

1. Physicians whose sole knowledge of the ailments and condition of a patient is acquired in their professional capacity are disqualified under How. Stat. § 7516, from testifying to such condition and ailments. *Briesenmeister v. Supreme Lodge,* 81 Mich. 525.

2. In a suit to recover damages for an alleged assault and battery, the plaintiff called one physician, not a graduate of any regular school of medicine, who testified to her injuries, but failed to produce two other physicians who had been ·called to treat

her both before and after the alleged trouble with the defendant; which neglect is held to be a legitimate fact for the jury to consider in determining the merits of the case, plaintiff having claimed her statutory privilege when they were tendered as witnesses by the defendant.

Error to St. Clair. (Canfield, J.)  Argued February 5, 1891.  Decided February 27, 1891.

Case.  Plaintiff brings error.  Reversed.  The facts are stated in the opinion.

*Avery, Jenks & Avery,* for appellant.

*George P. Voorheis,* for defendant.

GRANT, J.  This is an action of tort.  The plaintiff's declaration contains two counts,—one for assault and battery; the other, malicious prosecution.  Verdict and judgment were rendered in favor of defendant.

Plaintiff introduced one physician, known as an "eclectic," and who had never graduated at any regular school of medicine, who testified to her injuries.  The defendant then introduced two physicians as witnesses who had been called to treat her both before and after the alleged trouble with the defendant.  They obtained no knowledge of her ailments and condition except what they had obtained in their professional capacity.  This testimony was objected to as inadmissible under How. Stat. § 7516.  The objection was well taken, and the testimony should have been excluded.  *Briesenmeister v. Supreme Lodge,* 81 Mich. 525, and authorities there cited. The entire subject is there fully discussed, rendering further mention here unnecessary.  The defendant evidently recognizes the error, as he has filed no brief in this Court.

In the event of a new trial it is proper to say that it was competent for the defense to introduce these wit-

nesses, and prove by them that they had been called by the plaintiff to examine and prescribe for her. The failure of the plaintiff to produce them as witnesses was a legitimate fact for the jury in determining the merits of the case. One of the physicians testified that after he had been called by the plaintiff, and had examined her, she told him that she had sued Mr. Foltz, and there was going to be a lawsuit over-it, and that she would want him as a witness. This testimony had no reference to her condition, and was competent. Such statements are not within the statute.

For the error above mentioned the judgment must be reversed, with the costs of this Court, and a new trial ordered.

The other Justices concurred.