PEOPLE v. COLE.

1. BASTARDY—NATURE OF PROCEEDINGS—AMENDMENTS.
   Bastardy proceedings are so far civil in their character that they come within the general statute of amendments.

2. SAME—EVIDENCE—PHYSICIANS—PRIVILEGED COMMUNICATIONS.
   The statement of the prosecutrix in a bastardy proceeding, to her physician, as to the paternity of her child, is not within the scope of 2 How. Stat. § 7516, prohibiting the disclosure of any information acquired by an attending physician which was necessary to enable him to prescribe for his patient as a physician, or to do any act for him as a surgeon.

*Certiorari* to St. Clair; Vance, J. Submitted April 29, 1897. Decided May 25, 1897.

Isaac Cole was convicted of bastardy. Reversed.

The respondent was convicted of bastardy upon complaint of one Stella Jordan. In her complaint she alleged that "he did beget her with child in the town of Ft. Gratiot, in the county of St. Clair, on or about the 19th day of August, A. D. 1895, at the home of the father of said Stella Jordan." At the examination before the justice, the respondent introduced testimony to show that he

was not at the home of her father on the day in question. It does not appear that she was sworn on the examination, or that any effort was then made to change the date and time fixed in the complaint. He was bound over to the circuit court, and upon the trial there evidence was offered to show that the act of intercourse resulting in the pregnancy took place on the 21st of August, 1895, "while driving on the road between Lakeport and her home." To this counsel for the respondent objected, and denied the jurisdiction of the court to allow testimony, or to allow an amendment to the complaint, fixing any other date than the 19th, or any other place than her father's home. The counsel for the people asked leave to amend, if necessary, but stated that he did not consider an amendment necessary. The court admitted the testimony as to the changed time and place. The prosecuting officer stated that the mistake had been made by him in fixing the time and place in the complaint, that the girl told him that she was then living at home, and that the act occurred while she was living at her father's house. While no amendment was in fact made, the court returns that he supposed it was made.

*Thomas H. Murphy*, for appellant.

*Fred A. Maynard*, Attorney General, and *Joseph Walsh*, Prosecuting Attorney, for the people.

GRANT, J. (*after stating the facts*). 1. These proceedings are not criminal in their character. It was held in *Sutfin* v. *People*, 43 Mich. 37, that "they are partly for the benefit of the complainant, and may be instituted in her name, and partly for the purpose of indemnifying the public, and may be instituted in the name of the people." In *Hamilton* v. *People*, 46 Mich. 186, three different dates were fixed, a month apart, and the complaint was held good. It was said in *People* v. *Harty*, 49 Mich. 490, that "bastardy proceedings are not, in this State, criminal in any correct sense, and they do not recognize the matter

they deal with as a crime or misdemeanor." It was therefore held in that case that the superior court of Grand Rapids obtained no jurisdiction over a proceeding for bastardy, because it did not fall under the title "Crimes, Misdemeanors, or Offenses." It must therefore be held that these proceedings are so far civil in their character that they come within the general statute of amendments, and that the time and place may be amended, provided opportunity is given to the respondent to meet them. This case is distinguishable from *Hull* v. *People*, 41 Mich. 167. In that case the time and place were fixed with particularity, and the reasons given in the complaint for so fixing them. The complainant upon the trial was permitted to fix another time, several weeks earlier, in another place and under different circumstances. It is unnecessary to determine whether this amendment was considered as made, or whether it may be treated now as made, since the case must be reversed upon another point, and the amendment may be made upon a new trial.

2. 2 How. Stat. § 7516, prohibits a disclosure of any information acquired by any attending physician, "which information was necessary to enable him to prescribe for such patient as a physician, or to do any act for him as a surgeon." The attending physician was asked if Miss Jordan told him who was the father of her child. This was ruled out as a confidential communication, within the prohibition of the statute. This information was not necessary to enable the physician to prescribe for her, and the testimony was therefore admissible. *Campau* v. *North*, 39 Mich. 606 (33 Am. Rep. 433).

Judgment reversed, and a new trial ordered.

The other Justices concurred.