## PALAZZOLO *v.* SACKETT.

APPEAL AND ERROR—MISCONDUCT OF COUNSEL—INJECTING QUESTION OF INSURANCE INTO ACTION AGAINST AUTOMOBILE OWNERS.

> Where, in an action for personal injuries caused to a young boy by being struck by defendants' automobile, plaintiff's attorney injected into the case the fact that defendant carried insurance by persisting in asking jurors, on their *voir dire* examination, whether they carried insurance in a certain foreign corporation or had connections with certain insurance agents, after adverse rulings by the court, said conduct constituted reversible error.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.     Submitted October 4, 1928. (Docket No. 70, Calendar No. 33,699.)     Decided December 4, 1928.

Case by Joseph Palazzolo, an infant, by his next friend, against Ray C. Sackett and another for personal injuries.     Judgment for plaintiff.     Defendants bring error.     Reversed.

*Dilley, Souter & Dilley*, for appellants.

*Wicks, Fuller & Starr* and *Linsey, Shivel & Phelps*, for appellee.

FEAD, C. J.     This is an action for damages for personal injuries arising out of the alleged negligent operation of an automobile.     Plaintiff was less than four years old.     The injury occurred in Grand Rapids.     Plaintiff claimed that defendant Becker, an employee of defendant Sackett, was driving at an excessive rate of speed and on the left side of the street; that plaintiff stepped off the curb on the left side and was struck.     Defendants claimed that Becker was driving at a speed of about 12 miles per hour on the right side of the street, that plaintiff suddenly stepped out from the right curb and behind another car, ran against defendants' car, and the injury was the result of inevitable accident. Plaintiff had verdict of $2,000.

In the *voir dire* examination, plaintiff's counsel inquired of some of the jurors whether they carried insurance in a certain foreign corporation named, or had connections with certain insurance agents.     He persisted in such course after adverse rulings by

the court. The trial judge, on motion for new trial, thus characterized the incident:

"In the cases of *Snyder* v. *Mathison,* 196 Mich. 378; *Morris* v. *Montgomery,* 229 Mich. 509; and *Fuller* v. *Magatti,* 231 Mich. 213, in each of which this same attorney represented the plaintiff, he has had ample opportunity to learn the rule as announced by the Supreme Court, but in spite of his knowledge and experience with the same, persisted in the same tactics in this case, and did so, as has been stated, after being told by the court that the questions he was asking were improper. It had all the appearance of being a deliberate attempt to flaunt the rule announced by the Supreme Court and a disregard of the ruling of the trial court."

We cannot say that the verdict was against the overwhelming weight of the evidence, even though, as was said by the trial court, the evidence on the part of the plaintiff was not "particularly convincing." The injection of an insurance company into the situation might easily have been a determining factor in the verdict. The evident purpose of its injection was to arouse prejudice and its tendency was prejudicial. Conduct of counsel was reversible error within the test laid down by this court in *Holman* v. *Cole,* 242 Mich. 402, 405:

"Was plaintiff's counsel acting in good faith and without intention to secure advantage to his client in injecting into the case the fact that defendant was carrying insurance?"

The judgment is reversed, and new trial ordered, with costs to defendants.

NORTH, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.