## DeGROFF v. CLARK.

1. INSURANCE—JURY TRIAL—VOIR DIRE EXAMINATION.

Reversible error *held*, to have been committed on *voir dire* examination, where trial court, at request of and inducement by plaintiff's counsel, directed an inquiry as to interest of jurors in a mutual insurance company as well as a stock company under record showing such counsel then knew defendant motorist was insured in a stock company and verdict rendered was for $50,000, the evident purpose being to convey information to the jury about the existence of insurance in the case and influencing them thereby (CLS 1956, § 500.3030).

2. DAMAGES — PERSONAL INJURIES — PHYSICIANS — INSTRUCTIONS — PRESUMPTIONS — WAIVER.

Failure of trial court to instruct jury, as requested, that plaintiff's failure to call 2 doctors, not shown to have been unavailable, who had treated and examined him both before and after accident raised a presumption that their testimony would have been adverse to him, did not constitute reversible error in jury trial limited to issue of damages for personal injuries plaintiff sustained, where plaintiff had introduced testimony by other physicians as to his condition thereby waiving the physician-patient privilege as to the 2 doctors not called by him, it being noted that court rule now provides that the trial court at the pretrial hearing may require parties to claim or waive such privilege (CL 1948, § 617.62; Court Rule No 35, § 6[b], as added in 1952).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur, Jury § 208.

Admissibility of evidence, and propriety and effect of questions, statements, comments, et cetera tending to show that defendant in a personal injury or death action carries liability insurance. 56 ALR 1418, 74 ALR 849, 95 ALR 388, 105 ALR 1319, and 4 ALR2d 761.

[2] 53 Am Jur, Trial § 697.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—EXCESSIVE VERDICT.
    Whether or not $50,000 verdict was excessive and whether it
        was against the great weight of the evidence are not dis-
        cussed, where new trial is granted for reversible error com-
        mitted in conducting *voir dire* examination.

Appeal from Washtenaw; Robinson (Thomas N.), J., presiding. Submitted June 2, 1959. (Docket No. 3, Calendar No. 47,540.) Decided January 4, 1960.

Case by Edward DeGroff against Louis R. Clark and Miller Plating Corporation, a Michigan corporation, for personal injuries sustained in automobile collision. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded for new trial.

*Albert J. Rapp,* for plaintiff.

*McKone, Badgley, Domke & Kline (Maxwell F. Badgley,* of counsel), for defendants.

DETHMERS, C. J.    Plaintiff sued for damages resulting from personal injuries sustained in an automobile accident. Defendants admitted liability, leaving the amount of damages the sole issue to be tried. The jury returned a $50,000 verdict for plaintiff. Defendants' motion for new trial was denied and they appeal here.

Defendants urge (1) that the verdict was excessive, (2) that it was contrary to the great weight of the evidence, (3) that it was error for the court, at the request and prompting of counsel for plaintiff, to inquire on the *voir dire* whether any of the jury were officers, employees, or stockholders in any stock company or members of any mutual insurance company, (4) that the court erred in refusing to instruct that plaintiff's failure to call physicians who had treated or examined him and who were not shown

to be unavailable as witnesses created a presumption that their testimony would have been adverse to him, and (5) that it was error for the court, after informing counsel that he would instruct that the jury might consider the plaintiff's failure to call such doctors and permitting defendants' counsel to argue that subject to the jury, then to instruct the jury that they should ignore such argument of counsel and to refuse to instruct as stated.

While there is quibbling about it, we are satisfied from the record that counsel for plaintiff had been advised prior to trial as to the name of defendants' insurer and that it was a stock company, and that, therefore, there was no question in counsel's mind at time of trial of a mutual insurance company of which some one of the jurors might be a member. It is evident that plaintiff's counsel requested and induced the court to direct the insurance question to the jurors, not for the purpose of eliciting information from them touching on their qualifications to sit as jurors, but for the purpose of conveying information to them about the existence of insurance in the case and influencing them thereby.* The size of the verdict against the background of the record in this case would indicate that it did influence them. There is no need to review the law and previous decisions of this Court on the subject. Enough was said by Mr. Justice BLACK in *Darr* v. *Buckley,* 355 Mich 392. See, also, *Holman* v. *Cole,* 242 Mich 402, and *Palazzolo* v. *Sackett,* 245 Mich 97. Decision therein is conclusive of a holding of reversible error here.

Plaintiff introduced the testimony of 2 doctors concerning his injuries and physical condition. Two other doctors treated or examined him both before and after the accident. Plaintiff did not call them as witnesses. Their testimony would have been perti-

---

* See CLS 1956, § 500.3030 (Stat Ann 1957 Rev § 24.13030).— REPORTER.

nent to the question of plaintiff's injuries, his statements concerning the same, and, consequently, his damages. They were not shown to have been unavailable to plaintiff as witnesses. Defendants requested an instruction that plaintiff's failure to call them created a presumption that if they were called their testimony would be adverse to plaintiff. The court refused to give this instruction. Defendants claim error, relying on *Cooley* v. *Foltz,* 85 Mich 47, *Vergin* v. *City of Saginaw,* 125 Mich 499, and *Griggs* v. *Saginaw & Flint R. Co.,* 196 Mich 258. These cases lend support to defendants' contention. Note should be taken, however, of the statement in the opinion in *Griggs,* 265, concerning plaintiff's doctor, that: "His testimony was not available to defendant without plaintiff's consent." In *Cooley* defendant offered the testimony of 2 of plaintiff's doctors, and this Court held its reception over objection was reversible error because of its privileged character, but said (p 49) that: "The failure of the plaintiff to produce them as witnesses was a legitimate fact for the jury in determining the merits of the case." *Vergin* relied on *Cooley.* Since the trials of those cases, the doctor-patient privilege statute (CL 1948, § 617.62 [Stat Ann § 27.911]) has been amended to contain the following proviso:

"Provided, however, That in case such patient shall bring an action against any defendant to recover for any personal injuries, or for any malpractice, if such plaintiff shall produce any physician as a witness in his own behalf, who has treated him for such injury, or for any disease or condition, with reference to which such malpractice is alleged, he shall be deemed to have waived the privilege hereinbefore provided for, as to any or all other physicians, who may have treated him for such injuries, disease or condition."

Plaintiff having introduced some medical testimony, he waived the privilege, under the proviso of the statute, as to the 2 doctors not called by him. Their testimony, in the absence of any factual showing to the contrary, must, therefore, be deemed to have been available to defendants. The reason in the cited cases for allowing defendant the benefit of the presumption instruction, namely, legal unavailability of the testimony to defendant, having disappeared by amendment of the statute, the decisions therein on the presumption question are not controlling on the record before us. Defendants were not entitled to such instruction here. With respect to the availability to defendants of the testimony of plaintiff's doctors, it is also worth noting that Court Rule No 35, § 6(b) (1945)* now provides:

"The court may require parties to claim or waive physician-patient and hospital-patient privilege in fixing the scope of the examination and a claim of privilege at the pretrial hearing excludes such testimony if offered later in the trial."

Our conclusion being that defendants are entitled to a new trial for the reason hereinbefore stated, we need not consider the questions of excessiveness of the verdict and whether it is against the great weight of the evidence.

Reversed and remanded for new trial, with costs, to defendants.

CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAUGH, JJ., concurred.

SMITH, J., did not sit.

---

* As added June, 1952. See 334 Mich xl.—REPORTER.