## MAGDA *v.* JOHNS.

1. AUTOMOBILES—HEAD-ON COLLISION—GREAT WEIGHT OF EVIDENCE.
   Verdict for plaintiff on issue of defendants' liability for injuries sustained as a result of injuries received in head-on collision of cars at crest of a hill on gravel road 24′ wide at midday late in August *held*, not against the great weight of the evidence, hence, new trial was properly denied.

2. EVIDENCE—WAIVER OF PRIVILEGE AS TO PHYSICIAN'S TESTIMONY—REQUEST TO CHARGE.
   A party who waives his privileged control of testimony by a physician who treated him following injuries for which damages are presently sought, so that the opposite party becomes as much entitled to bring before the jury the testimony of such physician as was the adversary disentitles the opposite party to request to charge that presumption or inference can arise because of failure to call the physician as a witness.

3. SAME—PRIVILEGED COMMUNICATIONS—WAIVER.
   Plaintiff who requested and obtained a copy of the medical report made by defendants' specialist in orthopedics thereby waived his statutory privilege as to calling the doctor who had treated him following injuries alleged to have been inflicted as a result of negligence in operation of defendants' car (CLS 1961, § 600.2157).

4. APPEAL AND ERROR—SUPREME COURT—ASSIGNMENT OF ERROR.
   The exclusive task of the Supreme Court in reviewing a case tried by a jury is to ascertain, upon due assignment, of the presence or absence of reversible error.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 994 *et seq.*
[2, 3] 58 Am Jur, Witnesses § 437 *et seq.*
[5] 15 Am Jur, Damages § 223.
    Excessiveness of damages in action by person injured for back injuries not resulting in death (for years 1941 to 1950). 16 ALR2d 3, 60–78.

5. DAMAGES—BACK INJURY—EVIDENCE.

Verdict of $18,500 for plaintiff, a potato and dairy farmer, who sustained injuries to his back in a head-on collision with defendants' car *held*, not excessive in view of evidence adduced as to crop losses occurring on account of disability after collision and the opposing lay and expert testimony as to cause of present condition of plaintiff.

Appeal from Hillsdale; McIntyre (Robert W.), J. Submitted September 3, 1964. (Calendar No. 35, Docket No. 50,585.) Decided November 2, 1964.

Case by Michael Magda against Thomas Edward Johns and Hertz Rental System for personal injuries sustained in automobile collision August 29, 1959. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Dimmers & Moes (Harvey W. Moes,* of counsel), for plaintiff.

*Felix F. Best (Benjamin Kleinstiver,* of counsel), for defendants.

BLACK, J. Litchfield road, an ordinary rural highway surfaced with gravel, extends east-west in Hillsdale county. At the time and place of present concern the traveled portion was 24 feet wide. The highway fronts on the northerly side of plaintiff's farmstead. The farmstead, and the driveway leading therefrom to the highway, are at the crest of a hill. The downward slope of the highway, to the west from the intersecting driveway, is somewhat greater than the downward slope to the east. The gradients are, as we gather from the testimony, sufficient to reduce substantially a motorist's view ahead, of traffic approaching from the opposite direction, until such motorist is about to reach the crest. Such is the physical setting of this suit for

personal injuries and damages arising out of another hilltop collision of automobiles proceeding in opposite directions.

Plaintiff, driving his automobile, approached the crest and driveway from the west. He intended to turn right and south into his driveway. Defendant Johns, approaching from the east in a Hertz car, came up the hill at a rate of speed variously estimated at 45 miles per hour to 90 miles per hour. Just as plaintiff was about to turn right into the driveway the 2 cars collided. The initial point of impact was at the left front portion of each car.

Plaintiff alleged, and convinced the jury, that defendant Johns drove toward the crest in the middle of the highway, rather than on the right side thereof, and thereby caused the collision. Defendant Johns pleaded and testified that he approached the point of collision well on his own right side of the highway and that plaintiff was the real encroacher. Trial resulted in a verdict and judgment for plaintiff in the amount of $18,500.

Defendants' motion for new trial was denied. They appeal.

Defendants contend that the verdict as to liability is "against the great weight of the evidence." So far as careful reading—distinguished from seeing and hearing—of the testimony may disclose, the verdict as to liability appears as having been rightfully within the jury's province. As noted above, each driver contended that the other had encroached upon the left side of the highway. One, the plaintiff, was supported in part by the positions of the cars after each came to rest, and in part by the testimony of State Police Trooper Sunday, the investigating officer. The purport of the officer's testimony, based principally on location of debris in the roadway and braked tire tracks leading to the point where defendants' car left the roadway, was

that the defendants' car was partly on the south half of the roadway at the point of collision. There is no error here.

The principal specification of error is that the verdict of the jury was excessive in amount, the medical proof considered. Stress is laid by defendants upon their own medical testimony, the substance of which will presently appear, and upon failure of plaintiff to call to the stand, or to take the deposition of, his own physician, a Dr. Wessels. Dr. Wessels examined by radiology, prescribed for, and treated plaintiff during 4 to 6 days of hospitalization which ensued after the collision. On account of plaintiff's failure to submit the doctor's testimony or to explain such failure, defendants preferred a request to charge conforming with the alternative rule appearing in *Barringer* v. *Arnold,* 358 Mich 594, 601, that is, where the testimony of a witness having knowledge of admissible facts is "within the control" of a party, and that party elects not to call such witness or explain his failure so to do, an inference adverse to such party thereupon arises. The request was denied. Such denial forms the basis of a separate specification of error, which specification defendants argue in conjunction with their point that the verdict is excessive.

The following portion of the testimony of defendants' medical witness, a specialist in orthopedics practicing at Jackson, was not disputed. It will serve to introduce the discussion which is to follow:

"*Q.* When did you see this man, doctor?

"*A.* The 7th of December, 1961.

"*Q.* And at that time where did you see him?

"*A.* I saw him in my office, 224 West Franklin in Jackson, Mich.

"*Q.* Did you take a history from Mr. Magda?

"*A.* I did.

"*Q.* And you have your notes there as to what history you took?

"*A.* I have.

"*Q.* Will you relate to this court just what history you took on Mr. Michael Magda?

"*A.* The patient states approximately 1 p.m. September, 1959, he was involved in an automobile accident on Litchfield road in front of his home; as the patient stated, he slowed down to make a left [right?] turn into his own road, almost came to a stop, said the on-coming car struck him head on, that when he woke up he was in an ambulance. He had trouble moving at that time, was taken to Hillsdale. X-rays were taken two days later, nothing definitely broken. Patient does not recall the name of the doctor; he states he was there six days, left with permission but against the advice of the doctor because of continued pain in his left side. He stated he had some trouble voiding, but nothing of a radical nature. Patient stated he stayed in 3 weeks and tried to drive tractor in the potato digging season and had to give up after 2 turns because of twisting causing a great deal of difficulty. Main difficulty was pain in the low back. States he had no other treatment concerning this condition. Hasn't seen any M. D. for a year, hasn't taken medication or treatment, but occasionally had to have heat packs at home when his back bothers. He states it bothers him to ride, but walking around he seems to do quite well. Tried using a chain saw a short time and had to give it up. Does lesser chores around the farm, if he doesn't have to do hard work he doesn't do it. His son takes care of most of the heavy work on the farm. Also complains of his left arm, trouble putting a sweater on. Aches and pains on getting up in the morning. Denies any other illness. Does wear a truss, has it on now. No other injuries. Used to have a lot of toothaches; however, following removal of teeth, this has stopped.

"*Q.* After taking a history did you make an examination of the patient?

"*A.* I did."

The doctor's conclusions, which stand unopposed by medical testimony, appear in defendants' appendix as follows:

"*Q.* Doctor, in your opinion, irrespective of this accident, is it your opinion this man would sooner or later have been unable to do heavy work with the back conditions you found?

"*A.* That is correct.

"*Q.* Can you tell us why you draw that opinion?

"*A.* The X-rays showed very advanced osteoarthritis, or advanced arthritis of age, or wear and tear, the spurring on the vertebrae, the smaller joints on the side, the changes or content of the bone —this is the back—these were far older than the individual.

"*Q.* Is there any particular reason that can be assigned to that medically—why it is found in a person of this age?

"*A.* These are usually found in people in 2 or 3 different causes: one is continued heavy work will seem to promote this. The basic individual—in other words, the basic metabolism of the individual within themselves, put it that way—we don't all age at the same rate, all joints do not age at the same rate, some will degenerate, wear out, faster than others. There are a lot of variations amongst the human race, put it that way, as to the speed the body ages; that is controlled by many different factors.

"*Q.* So you conclude that sooner or later Mr. Magda would be in the position he couldn't do heavy work?

"*A.* That is correct."

Plaintiff was a potato and dairy farmer. If he was disabled as claimed from carrying on such work by injuries sustained in the collision, then the verdict cannot be pronounced excessive since it was made to appear, with fair persuasion, that plaintiff's successive annual losses of potato crops, occurring on account of disability after the collision (in August of

1959), alone would account for a ·substantial part of the verdict as rendered.[1]  On the other hand, if plaintiff's disability developed or was developing largely from natural causes, as the specialist concluded, then the question of excessiveness of verdict would be grave indeed.  We proceed, then, to the critical question, whether the verdict should be permitted to stand in the absence of suppletory medical testimony.

Plaintiff elected to make out his allegation of traumatically caused disability by that which, since release of *Langworthy* v. *Township of Green,* 88 Mich 207, 214, has come to be known as "before and after" lay testimony.  See collection of authorities in *Konieczka* v. *Mt. Clemens Metal Products Co.,* 360 Mich 500, 504, and discussion therein of the jury-weighable value of such testimony.  He had a right to so elect, of course, yet thereby subjected himself to the possible risk of adverse inference and jury-instruction regarding same.

At this juncture plaintiff says that his ordinarily privileged "control," of Dr. Wessels' testimony, was waived, thus bringing into play the rule of *DeGroff* v. *Clark,* 358 Mich 274.  We agree that plaintiff did so waive; hence that defendants were as much entitled to bring before the jury the testimony of Dr. Wessels as was their adversary.  Accordingly, under the *DeGroff Case,* they were not entitled to grant of their aforesaid request to charge.  The reason appears in the *Barringer Case* at 604, 605, adopting the text of 31 CJS, Evidence, § 156, p 858:

"It has been laid down in a large number of cases that where a witness is equally available or accessible to both parties, no presumption or inference

---

[1] This in substance was the principal reason given by the trial judge for holding, on motion for new trial, that the verdict as to amount was not out of line.

against either party can arise by reason of his failure to call such witness."

Plaintiff waived his statutory privilege (CLS 1961, § 600.2157 [Stat Ann 1962 Rev § 27A.2157]) by operation of GCR 1963, 311.2(2), it having been shown that he requested and duly obtained a copy of the medical report made by defendants' said specialist. See complementing CLS 1961, § 600.1445 (Stat Ann 1962 Rev § 27A.1445). It follows that defendants were not entitled to the requested instruction; that they were as free to call or depose Dr. Wessels as was plaintiff, and that they accordingly must rely for reversal solely upon the absence of professional proof of traumatic disability and upon the weakness if any of plaintiff's lay proof of such disability.

The question of excessiveness of verdict is a close one. We do not condone failure to adduce available, desirable, and fact-knowledgeable medical testimony in these cases. We observe too that Dr. Wessels' subsequent departure to practice in Texas furnished no excuse for failure of one or the other of the parties to take and return his deposition; a deposition which was contemplated at pretrial as "necessary."[2] All such considered however, the fact remains that our exclusive task is ascertainment—upon due assignment—of the presence or absence of reversible error. No such error has been made to appear, particularly in view of the lay testimony which the jury had a right to believe, conjoined with the specialist's honest acknowledgment that the collision possibly may have "triggered," prior to ultimate natural

---

[2] The pretrial summary, under heading of "Trial Depositions," specifically provided:

"Both parties upon proper notice may take necessary trial depositions of the staff of the University Hospital at Ann Arbor, Dr. Wessels, and a Jackson physician on behalf of the defendant."

sufferance thereof, the disability of which plaintiff complains and seems to be suffering.

No other question requires discussion. Judgment affirmed. Costs to plaintiff.

Kavanagh, C. J., and Dethmers, Kelly, Souris, Smith, O'Hara, and Adams, JJ., concurred.