RYPSTRA *v.* WESTERN UNION TELEGRAPH COMPANY.

1. APPEAL AND ERROR—APPRAISAL OF PLAINTIFF'S DAMAGES.

The Supreme Court cannot retry a personal injury case by appraising plaintiff's damages at a sum much less than the amount awarded by the trial court.

2. EVIDENCE—DISABILITY—CREDIBILITY.

Plaintiff's testimony as to the extent of disability resulting from injury was admissible and entitled to such weight as the jury might choose to accord to it.

3. DAMAGES—ANKLE INJURY.

Verdict and judgment for $3,500 in favor of woman who was 71 years of age at time of injury to her ankle when it became entangled in wire defendant was winching across the ground along railroad property *held,* not excessive under evidence adduced, showing her to have been suffering from diabetes and arthritis, her ability to walk was impaired, shoes had to be bigger and bigger, and medical testimony indicates condition would not likely improve.

Appeal from Muskegon; Piercey (John H.), J. Submitted October 8, 1964. (Calendar No. 25, Docket No. 50,733.) Decided January 4, 1965.

Case by Coba Rypstra against Western Union Telegraph Company, a foreign corporation, for personal injuries sustained when entangled with wire being pulled along ground. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Stribley & Rude (Arthur M. Rude,* of counsel), for plaintiff.

*Earl Waring Dunn* and *Theodore Earl Dunn,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 836, 939.
[2] 20 Am Jur, Evidence § 908.
[3] 15 Am Jur, Damages §§ 219, 220, 235.

Black, J.   This is a suit for negligent personal injury.   It was tried to a jury.   Plaintiff had verdict and judgment in the sum of $3,500.   Defendant's motion for judgment notwithstanding verdict or new trial was denied.   It appeals.

This is another case which, but for our former rule allowing appeals of right, probably would not have arrived here.   A substantial question of law is not presented for review.   Appellant proposes in essence that this Court retry the case by appraising the plaintiff's damages at a sum much less than the amount awarded below.   That we cannot do.   There is in sum no proof or absence of proof on strength of which we might decide that the verdict is excessive as a matter of law.

Plaintiff's cause arose as she was walking her dog on or near the end of Clinton street in Muskegon.   Clinton street proper is a dead-end way, abutting property of the Pennsylvania railroad.   It was disputed whether she at the time of injury was on the street or whether she was trespassing on railroad property.   That issue was submitted to the jury.   It was, as we infer from the verdict, resolved against defendant.

At the time plaintiff was injured defendant Western Union was engaged in "winching" a long length of wire across the ground from one of its winch trucks.   The truck was parked some distance away from the place of injury, far enough that plaintiff per her testimony could not see the truck and, inferentially, far enough that defendant's winch operator could not see plaintiff.   The wire, looped according to plaintiff and "under tension" according to defendant, somehow became tangled around plaintiff's left ankle.   She was jerked to the ground.   The ankle was severely lacerated and required surgical treatment.

Plaintiff had been suffering from diabetes. Healing of the laceration and of the places of surgical *debridement* was, principally on account of such disease, very slow. The question of nature, prognosis, and results of plaintiff's injury thus became the prime issue. She was 71 years of age at the time. Medical testimony established that, in addition to the diabetes, plaintiff had been suffering from arthritis in both hip joints. Aggravation by the injury of such arthritic condition was claimed and supported to some extent by medical testimony. Plaintiff testified that prior to the injury she "always walked downtown from our place," a distance of more than a mile, and that since the accident she experienced difficulty in walking and that "it bothers me all the time." She testified further that the ankle remained swollen and that she has been compelled to buy bigger and bigger shoes. Other testimony given by plaintiff, if believed by the jury, established that the injury was causing pain and some disability up to the time of trial. Dr. Parsons, the surgeon, in answer to a question whether plaintiff's ankle would be "likely to improve," said "I would very much doubt it."

Plaintiff's testimony as to the extent of disability resulting from the injury was admissible and entitled to such weight as the jury might choose to accord it. See recent treatment of the subject in *Magda* v. *Johns*, 374 Mich 14. It, with the medical testimony, clearly supports the verdict.

No more need be said. No error, reversible or otherwise, has been made to appear. Judgment affirmed. Costs to plaintiff.

KAVANAGH, C. J., and DETHMERS, KELLY, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.