WOOLNER v. PONICKI.

1. AUTOMOBILES—POINT OF IMPACT—EXPERT TESTIMONY BY POLICE-MAN.

Testimony of qualified police expert as to point of impact in action arising out of automobile collision is admissible.

2. SAME—LOCATION OF AUTOMOBILE RELATIVE TO CENTERLINE OF ROAD—EXPERT TESTIMONY BY POLICEMAN.

Testimony of qualified police expert as to location of automobile with respect to centerline of road at time of impact is admissible.

3. SAME—REFUSAL OF ADMISSION OF DIAGRAM DRAWN BY EXPERT WITNESS.

No prejudicial error was committed in refusing to allow jury to use blackboard diagram of expert of his version of position of cars involved in collision, when same evidence had been placed before jury in form of oral testimony.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted Division 3 March 10, 1966, at Grand Rapids. (Docket No. 514.) Decided June 28, 1966.

Complaint by Robert B. Woolner against Edward J. Ponicki and Carol Egan for injuries arising when an automobile which plaintiff was driving collided with one owned by defendant Egan and driven by

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic § 989.
Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR2d 1048.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic § 977; 53 Am Jur, Trial § 927.

defendant Ponicki. Counterclaim by Ponicki against Woolner. Verdict and judgment for plaintiff Woolner. Defendants appeal. Affirmed.

*Stratton, Wise, Early, Starbuck & Lennon (Charles E. Starbuck,* of counsel), for plaintiff.

*Howard & Howard (William J. Howard,* of counsel), for defendants.

J. H. GILLIS, J. This case arises out of a collision between two automobiles approaching from opposite directions on county road 215 in Van Buren county, Michigan. The accident occurred near the top of a hill which was described as fairly flat for a distance exceeding 200 feet. The plaintiff, Robert Woolner, was proceeding in a southerly direction and had reached a point on the hill adjacent to a friend's driveway when the collision took place. The defendant Edward J. Ponicki,* driving the car owned by defendant Carol Egan, was approaching in a northerly direction and allegedly was encroaching upon the plaintiff's portion of the road. Plaintiff contended that upon observing the defendant's car rapidly approaching down the middle of the road he elected to take evasive action to avoid a collision and swerved to the left. Defendant Ponicki contends, by way of affirmative defense and counterclaim, that plaintiff's car unexpectedly turned in front of the defendant with the obvious intention of entering the driveway of his friend.

The point of impact involved the right front portion of each car causing extensive damage. The drivers were alone in their respective cars and there were no eyewitnesses to the accident. The jury

---

* Defendant Edward J. Ponicki was a minor but after the suit was commenced the circuit court appointed his brother, Andrew W. Ponicki, as his next friend.

found for the plaintiff and awarded damages in the amount of $7,500.

At trial, testimony was elicited from Trooper Hulander, an expert witness, as to the point of impact. Trooper Hulander also testified that from examination of the debris left at the scene and change in characteristics of the skid marks, he determined the left portion of the defendants' car was partially in the plaintiff's lane when the collision occurred. The second trooper, Trooper McArthur, on direct examination testified that the left front of the plaintiff's vehicle was in the defendants' lane. At this stage in the proceedings, Trooper McArthur procured the use of a blackboard to diagram the relative position of the cars that he believed existed at the moment of impact. Plaintiff's counsel objected to the use of this blackboard for such purpose, which objection was overruled, and the trooper proceeded to draw his diagram. After a recess the trial judge ruled that he had erred in allowing the use of the blackboard to diagram the position of the cars at the time of impact and thereupon ordered the jury to disregard that portion of the testimony. The defendants base their appeal upon this ruling, claiming it has denied the jury the opportunity to decide upon the defendant Ponicki's claim that the plaintiff's car had turned in front of him.

This Court recognizes that testimony of a qualified police expert as to the point of impact is admissible. *Dudek* v. *Popp* (1964), 373 Mich 300. Testimony has also been allowed as to the location of the defendants' car at the time of impact. In *Magda* v. *Johns* (1964), 374 Mich 14, 17, the Michigan Supreme Court held there was no error in allowing the State trooper's testimony "that the defendants' car was partly on the south half of the roadway at the point of collision." In the case at bar, testimony sim-

ilar to that of the *Magda Case* was given when
Trooper Hulander, after fixing the point of impact
on the highway, testified as follows:

"*Q.* And that impact was from the right front
of the Ponicki car to the right front of the Woolner
car, is that correct?
"*A.* That is right.
"*Q.* So at the time the two cars came together
the Ponicki [defendant's] car  *  *  *  had to be
over the center line, did it not?
"*A.* I would say yes."

This testimony, unobjected to, has placed the de-
fendants' car partially over the center line at the
time of impact.  Prior to the disputed use of the
blackboard, Trooper McArthur fixed the position of
the plaintiff's car by the following testimony:

"*Q.* (Referring to a photograph)  *  *  *  Could
you tell the court and jury what that mark repre-
sents?
"*A.* This mark represents the left front wheel of
the Woolner [plaintiff's] vehicle.
"*Q.* All right.  Now, where is that in respect to
the center of the roadway?
"*A.* That would be east of the center of the road-
way.
"*Q.* In the northbound lane of travel?
"*A.* Yes."

This testimony has fixed the front left portion
of the plaintiff's car in the defendants' lane.  Prior
to the use of the blackboard, testimony from the
troopers, unobjected to, had fixed a portion of the
defendants' car in the plaintiff's lane, and a portion
of the plaintiff's car in the defendants' lane.  The
testimony of the troopers had placed the cars in
their respective positions at the time of impact and
was consistent with the testimony allowed in *Magda,*
*supra.*  This Court cannot discern any prejudicial

error in the refusal of the trial court to allow the trooper to diagram the position of the cars since by way of oral testimony the position of the cars at the time of the accident was already before the jury. The jury in considering the testimony of both parties accepted the plaintiff's version of the accident.

Judgment affirmed. Costs to appellee.

FITZGERALD, P. J., and BURNS, J., concurred.