HOLMES v JONES

PHYSICIANS AND SURGEONS—WITNESSES—FAILURE TO CALL—INSTRUCTIONS TO JURY.

> Instructing the jury that the injured plaintiff's failure to call two doctors, who had also examined her, in addition to the doctor who had testified in her behalf, created an inference that plaintiff failed to call the two doctors because their testimony would have been adverse to her case was not reversible error even where plaintiff had waived the doctor-patient privilege so that the witnesses were equally available to the defense, where the existence of the two missing doctors was brought to the jury's attention by plaintiff herself who testified at length regarding the treatment she had received from them, and where a continuance to obtain the testimony of the doctors would have caused a prohibitive delay in the trial.

Appeal from Arenac, Philip J. Glennie, J. Submitted Division 3 March 7, 1972, at Grand Rapids. (Docket No. 11319.) Decided May 25, 1972.

Complaint by Doris E. Holmes and Glenn Holmes against Wilfred Jones and Marion Jones for negligence in an automobile collision. Judgment on verdict for plaintiffs for property damage only. Plaintiffs appeal. Affirmed.

*Bartlett, King, Learman, Peters & Sarow,* for plaintiffs.

*John W. Piggott, P. C.,* for defendants.

Before: T. M. BURNS, P. J., and FITZGERALD and DANHOF, JJ.

REFERENCE FOR POINTS IN HEADNOTE
29 Am Jur 2d, Evidence §§ 188, 189.

Danhof, J. The Plaintiffs brought this action to recover damages allegedly caused by the negligence of defendant Wilfred Jones in colliding with their automobile. Defendant Marion Jones is the owner of the autombile driven by Wilfred Jones. The jury found for the plaintiffs in the amount claimed for property damage ($192.92) and the plaintiffs have appealed contending that the trial court erred in its instructions to the jury.

Plaintiff Doris E. Holmes claimed that she suffered a shoulder injury as a result of the accident. She was examined by several doctors, only one of whom testified at the trial. The defendants asked that standard jury instruction 5.01(1) be given. The trial court gave the instruction which reads as follows:

"Now, the plaintiff in this case has not offered the testimony of Doctors Ferguson and Villegas. As this evidence was under the control of the plaintiff and could have been produced by him and no reasonable excuse for the plaintiffs' failure to produce the evidence was given, you may infer that the evidence would have been adverse to the plaintiffs in this case."

Plaintiffs objected at trial to the giving of the instruction so the matter is properly before this Court. Plaintiffs contend that the doctor-patient privilege had been waived. MCLA 600.2157; MSA 27A.2157. Therefore, the testimony of the missing doctors was equally available to the defendants and hence the giving of the instruction was erroneous. See *DeGroff v Clark,* 358 Mich 274 (1960); *Magda v Johns,* 374 Mich 14 (1964).

Ordinarily we would reverse in a case of this type; however, in view of the particular facts of the case we do not believe that the giving of the instruction was reversible error.

The existence of the other physicians was brought to the attention of the jury by plaintiff Doris E. Holmes. She testified at some length regarding the treatment she had received from the various doctors. Plaintiffs then offered into evidence the medical bills from the doctors, and over the objections of the defendants the bills were admitted into evidence. Defendants, however, have not challenged the correctness of this ruling and it is not before us on appeal.

While it is clear that the defendants were aware of the existence of the other doctors well before the time of trial, it was the plaintiffs who made their existence known to the jury. Had plaintiffs simply put in their case and made no mention of the missing doctors and had not attempted to place in evidence the statements for their charges, the defendants would be forced to bear the consequences of their failure to call them and the giving of the contested instruction would have been erroneous.

However, in this case the plaintiffs in effect brought in some of the missing physicians' testimony through the back door. Part of the story was placed before the jury and consequently one might well infer the rest was held back because it was unfavorable to the plaintiffs. Under the circumstances of this case it provides no answer to say that the defendants could have moved for a continuance and then called or deposed the physicians. Among other things the case was being heard by a visiting judge and it appears that the delay in the trial might have been considerable. Consequently, under the facts of this case, we do not think it unreasonable that the plaintiffs suffer the effects of their deliberately chosen strategy.

Affirmed, costs to the defendants.

All concurred.