## MELYNCHENKO v CLAY

Docket No. 76591. Submitted March 6, 1985, at Detroit. Decided June 2, 1986. Leave to appeal denied, 426 Mich 874.

Plaintiff, Daniel A. Melynchenko, filed suit in the Macomb Circuit Court against defendants, Barbara Clay, M.D., Jacqueline Moore, M.D., Kasim Ardati, M.D., and Group Health Plan of Southeast Michigan, alleging malpractice. Plaintiff learned during discovery that defendants had consulted Larry E. Fleischman, M.D., plaintiff's treating physician subsequent to the alleged malpractice, for Fleischman's expert opinion on plaintiff's medical records compiled prior to his treatment of plaintiff. The circuit court, Robert J. Chrzanowski, J., granted plaintiff's motion to bar the expert testimony of Fleischman at trial, ruling that the probative value of such testimony would be outweighed by its prejudicial impact. Defendants Clay, Moore and Ardati appealed by leave granted from an order of the circuit court denying their motion for reconsideration. *Held:*

1. MRE 403 does not authorize the total exclusion of a witness's testimony, but only of evidence. The perceived prejudicial impact of Fleischman's testimony could have been avoided by excluding any mention of the fact that Fleischman was plaintiff's treating physician.

2. The admission of Fleischman's testimony limited to his expert opinion regarding plaintiff's pre-treatment medical records would not be violative of his fiduciary duty to plaintiff or the physician-patient privilege conferred by statute.

Reversed and remanded.

T. M. Burns, P.J., dissented. He would hold that the circuit court did not abuse its discretion in excluding Fleischman's proffered expert testimony on the basis of unfair prejudice. He believed that defendants could have presented similar expert testimony through a different expert witness. He would affirm.

References

Am Jur 2d, Evidence §§ 184, 185.

Am Jur 2d, Physicians, Surgeons, and Other Healers §§ 158-173, 340-360.

What constitutes physician-patient relationship for malpractice purposes. 17 ALR4th 132.

OPINION OF THE COURT

1. APPEAL — EVIDENCE — COURTS.

  The determination of whether the prejudicial impact of evidence outweighs its probative value is a matter left to a trial court's discretion; the Court of Appeals, in order to find an abuse of such discretion, must find that a trial court defied the exercise of judgment.

2. EVIDENCE — WITNESSES — PHYSICIAN-PATIENT PRIVILEGE.

  The exclusion of testimony based on the relation between a treating physician and a patient is limited to the confines of the physician-patient privilege as defined by statute; permitting a treating physician to testify with regard to matters traditionally not privileged should have no deleterious effect on his treatment of a patient and should have no chilling effect on a patient's disclosures during the course of their relationship (MCL 600.2157; MSA 27A.2157).

DISSENT BY T. M. BURNS, P.J.

3. EVIDENCE — WITNESSES — RULES OF EVIDENCE.

  *A trial court, where the probative value of all the evidence to be presented by a witness is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence, must exclude such evidence; therefore, a trial court does not abuse its discretion where it excludes on the basis of unfair prejudice the expert testimony of a treating physician concerning the pretreatment medical records of a patient who is a plaintiff in a malprac*tice action against another physician (MRE 403).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Kerr, Russell & Weber* (by *C. Kenneth Perry, Jr.* and *Anthony S. Kogut*), for defendants.

Before: T. M. BURNS, P.J., and J. H. GILLIS and J. P. SWALLOW,* JJ.

J. P. SWALLOW, J. Defendants Clay, Moore, and

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Ardati appeal by leave granted from an order denying their motion for reconsideration of an opinion and order dated December 6, 1983. The order barred defendants from introducing the expert testimony of Larry E. Fleischman, M.D., plaintiff's treating physician subsequent to defendants' alleged malpractice.

This appeal arises from a malpractice action filed on June 10, 1981. During discovery, plaintiff learned that defense counsel had consulted Fleischman for his expert opinon on plaintiff's medical records compiled *prior to* Fleischman's treatment of plaintiff. Plaintiff moved to bar Fleischman from acting as an expert witness for defendants because "defense counsel acted in utter disregard of the General Court Rules applicable to discovery" by conferring with Fleischman on plaintiff's file and because Fleischman "owes a fiduciary duty of confidentiality to the plaintiff." Defendants countered that, because Fleischman would not be disclosing information gained during his treatment of plaintiff, but would be testifying only as to the applicable standard of care, defendants violated no rules of discovery and Fleischman's testimony was not barred by the physician-patient privilege, MCL 600.2157; MSA 27A.2157.

The trial court acknowledged that defendants could limit their questions to matters not within the physician-patient privilege. The trial court found no violation of discovery rules or ethics, and was "not persuaded that Michigan law imposes a fiduciary obligation upon a physician not to deal with the adverse party." However, the court found that "[i]f defendants are allowed to call Dr. Fleischman, it is unavoidable that the jury would learn Dr. Fleischman was the treating physician of plaintiff." The court concluded that plaintiff's failure to call Fleischman would lead the jury to

surmise that Fleischman would render testimony adverse to plaintiff but for the physician-patient privilege. The court found that the probative value of Fleischman's testimony was outweighed by its prejudicial impact and barred Fleischman's testimony under MRE 403.

We find this ruling to be in error. It is well-settled that the determination of whether the prejudicial impact of evidence outweighs its probative value is a matter left to the trial court's discretion. *Stachowiak v Subczynski,* 411 Mich 459; 307 NW2d 677 (1981). In order to find an abuse of discretion, an order must not evidence the exercise of judgment, "but defiance thereof." *Wendel v Swanberg,* 384 Mich 468, 475-476; 185 NW2d 348 (1971). Here, we will not second-guess the trial court's determination that disclosure of the fact that Fleischman was plaintiff's treating physician would be prejudicial to plaintiff because the fact would be given undue weight by the jury. However, the court's method of vitiating the perceived prejudice was not within the discretion granted by MRE 403. MRE 403 does not authorize the total exclusion of a witness's testimony, but only of evidence. The perceived prejudicial impact of Fleischman's testimony could have been avoided by excluding any mention of the fact that Fleischman was plaintiff's treating physician.[1]

Nor do we believe that Fleischman should be barred from testifying for defendants because of the fiduciary relationship between physician and patient.

In Michigan, the exclusion of testimony based on the relation between treating physician and patient has long been limited to the confines of the physician-patient privilege as defined by statute.

[1] The court may limit testimony in this way on remand.

See e.g., *Cooley v Foltz,* 85 Mich 47, 49; 48 NW 176 (1891) (proper for treating physician called by defense counsel to testify that the plaintiff told him that she was instituting suit and intended to call him as a witness). See also *Yager v Yager,* 313 Mich 300, 308; 21 NW2d 138, 141 (1946), *People v Cole,* 113 Mich 83; 71 NW 455 (1897). We see no valid policy reason to extend the limits on a treating physician's testimony in the manner plaintiff suggests. This is founded, in part, on our belief that, if Fleischman were to testify, there would be no breach of fiduciary duty in the instant case.

A fiduciary duty arises out of the relation subsisting between two persons of such a character that each must repose trust and confidence in the other and must exercise a corresponding degree of fairness and good faith. *Portage Aluminum Co v Kentwood Nat'l Bank,* 106 Mich App 290, 294; 307 NW2d 761 (1981), lv den 413 Mich 922 (1982). A person in a fiduciary relation to another is under a duty to act for the benefit of the other as to matters within the scope of the relation. See 1 Restatement Trusts, 2d, § 2, Comment b, p 6. The relation between treating physician and patient, requiring confidence, trust, and good faith, is founded on the proper diagnosis and treatment of medical problems. Permitting a treating physician to testify with regard to matters traditionally not privileged should have no deleterious effect on his treatment of a patient and should have no chilling effect on a patient's disclosures during the course of their relationship. In this manner, the policies underlying the fiduciary relationship between physician and patient, which plaintiff claims should bar Fleischman's testimony here, and the policies underlying the physician-patient privilege statute, traditionally the only bar to a treating physician's testimony, are closely parallel. Each advances the

same interests, and supports the conclusion that the statute adequately protects the physician-patient relationship.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

J. H. GILLIS, J., concurred.

T. M. BURNS, P.J. *(dissenting).* I respectfully dissent. I believe that the trial court's action in this case was a proper exercise of discretion.

I disagree with the majority's statement that MRE 403 does not authorize total exclusion of a witness's testimony. It is true that MRE 403 authorizes the exclusion of "evidence" and not "witnesses." However, when the probative value of all the evidence to be presented by a witness is substantially outweighed by one of the other MRE 403 considerations, all such evidence should be excluded. When a witness has no evidence to offer, there is no need for the witness to take the stand.

I cannot say that the trial court abused its discretion in this case. The trial court noted that it was unavoidable that the jury would learn that Dr. Fleischman was plaintiff's treating physician. Thus, all of Dr. Fleischman's testimony which was to be offered by defendant carried with it the danger of unfair prejudice. The majority resolves this problem by assuming that the trial court is able to exclude any mention of the fact that Dr. Fleischman was plaintiff's treating physician. I am not willing to join in that assumption. Dr. Fleischman's status may be revealed elsewhere during the trial. Plaintiff may wish to present evidence regarding his treatment subsequent to receipt of the injuries. I believe that the trial court did not

abuse its discretion in determining which evidence to exclude. As the trial court correctly noted, defendant could present similar expert testimony through a different expert witness. The evidence presented by another witness would not carry with it the danger of unfair prejudice. Under the circumstances of this case, the trial court did not err.

I would affirm.